185 So.2d 34 (1966)
Mrs. Azaline D'ALLESANDRO
v.
EDGAR MURRAY SUPPLY COMPANY, Inc., et al.
No. 2131.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*35 Sam Monk Zelden, New Orleans, for Mrs. Azaline D'Allesandro, plaintiff-appellant.
Denechaud & Denechaud, Thomas A. Rayer, New Orleans, for Edgar Murray Supply Co., Inc., defendant-appellee.
Lemle & Kelleher, H. Martin Hunley, Jr., New Orleans, for Illinois Central Railroad Co., defendant-appellee.
Before McBRIDE, CHASEZ and BARNETTE, JJ.
CHASEZ, Judge.
This is an action for wrongful death caused by the disintegration of a grinding wheel. Suit was filed by Mrs. Azaline Farrere D'Allesandro, widow of Pasqual D'Allesandro, on her own behalf and as natural tutrix of her three minor children, Antoine, Raymond and Marianne Elaine, issue of her marriage with the deceased, in the Civil District Court for the Parish of Orleans. Named defendants were the manufacturer of the stone, Nicholl Stone Company of Lorain, Ohio; the vendor of the stone, Edgar Murray Supply Company, Inc., of New Orleans; and the transporter of the stone, the Illinois Central Railroad.
The deceased, Pasqual D'Allesandro, had been a self-employed knife sharpener for many years prior to his death. He conducted business from the rear of an enclosed truck in which he had mounted a sandstone grinding wheel. The wheel was powered through a series of belts and pulleys by a 9 horsepower gasoline motor. On September 24, 1962, while engaged in sharpening knives in his truck, the grinding stone disintegrated and some fragment or fragments thereof struck him in the head, causing serious injuries which resulted in his death some twenty to thirty minutes later.
*36 An exception to the jurisdiction of the Court and to the sufficiency of service of process was filed on behalf of the Nicholl Stone Co., and sustained by a judgment rendered and signed on November 15, 1963. This was a final judgment and subject to appeal. LSA-C.C.P. Article 1915. However, no appeal was taken and the delays within which an appeal could be taken have long since expired. LSA-C.C.P. Articles 2087, 2123.
At the close of plaintiff's case an exception of no right and no cause of action on behalf of the Illinois Central Railroad was submitted to the Court.
On September 3, 1965, a judgment sustaining the exceptions of the Illinois Central Railroad Company, and, on the merits, in favor of the remaining defendant, Edgar Murray Supply Co., Inc., was rendered, from which judgment plaintiff prosecuted this appeal.
Though this judgment with respect to the Illinois Central Railroad is purportedly on the exception, our review of the record indicates that the judgment dismissing the Illinois Central is absolutely correct on the merits, for the transcript is completely devoid of any testimony concerning the Illinois Central Railroad, and contains absolutely no evidence indicating that the Illinois Central Railroad was in fact the common carrier on which the stone was shipped, let alone any evidence of mishandling the stone.
Plaintiffs assert that the present appeal is from the rulings as to all three defendants. The motion for appeal, however, refers only to the judgments of September 3, 1965, sustaining Illinois Central's exception, and dismissing Edgar Murray Supply Company. As noted above, we are of the opinion that as to the decision of the Court sustaining the exception filed by Nicholl Stone Company, the appeal is not effective by reason of not having been filed timely. Plaintiffs argument in brief is in its entirety directed at Nicholl Stone Company as the manufacturer of the stone. As that party is not before the Court, neither is the question of its liability.
The liability of Edgar Murray Supply Company is not argued in brief; however, as the appeal is allegedly from all three judgments, we will discuss briefly the merits as concerns that defendant.
The theoretical basis of plaintiffs suit against Edgar Murray Supply Company appears to be in tort under LSA-C.C. Article 2315, but the record contains absolutely no direct evidence indicating that any agent or employee of Edgar Murray was negligent in any way.
Deceased had ordered this particular stone from Edgar Murray on July 2, 1962, and Edgar Murray in turn ordered it from Nicholl Stone Company. Edgar Murray received the stone on August 9, 1962, and deceased picked it up that same day.
The wooden shipping crate in which the stone was packed was undamaged. The stone itself, the sides of which were clearly visible through the slats of the crate, appeared undamaged and without visible defect. There is no evidence of any sort tending to establish the existence of any sort of defect in the stone prior to its delivery to deceased. The very fact that the stone had been used by the deceased before it disintegration to the extent that four inches were worn off the diameter of the stone is an indication of the fact that the stone was not defective when received by him. There is no evidence of what happened to the stone during the period from August 9, 1962, when it was received by deceased, and September 24, 1962, when it disintegrated, other than the fact that it had been used and worn to the extent of four inches off of the diameter.
Plaintiffs argue that the doctrine of res ipsa loquitur is applicable, and refer *37 us to cases wherein it was applied with reference to a manufacturer. Whether or not its application would be proper as against the manufacturer, Nicholl Stone Company, is not before us. As to the vendor, Edgar Murray Supply Company, and as to the Illinois Central Railroad, we are of the opinion that the doctrine is inapplicable. The circumstances warranting its applicability are an accident of such a nature that would not ordinarily occur in the absence of negligence on the part of someone, that the instrumentality causing the damage is under the control of the defendant, and that the defendant has superior knowledge as to the cause of the accident. When these circumstances are present, the doctrine operates to permit the trier of fact to infer negligence; it does not require a finding of negligence, and the defendant may introduce evidence to overcome any such inference. Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Bauer v. Columbia Casualty Company, La.App., 126 So.2d 398.
The evidence does not establish that either Edgar Murray Supply Company or the Illinois Central Railroad possessed such superior knowledge or means of information as to the cause of the accident. Neither Edgar Murray nor the Illinois Central Railroad manufactured the stone; neither held itself out as having any special knowledge of grinding stones and their use; the stone was not removed from the original shipping crate; and it does not appear that either had possession or control of the stone at the time of the accident; in fact, Edgar Murray had possession of the stone for only a very brief period of time before delivery to the deceased.
Even in warranty under the Civil Code, plaintiffs cannot recover damages in this case. Warranty would be applicable only if it were established that an original defect existed in the stone, which has not been done. Edgar Murray, as vendor, would not be liable for damages to a purchaser unless he knew of the defect, and we agree with the trial Court that there is no indication that such is the case here. LSA-C.C. Article 2531.
For the foregoing reasons the judgment of the trial court is affirmed All costs to be paid by plaintiff-appellant.
Affirmed.