BAILES, Judge.
This is a tort action brought by Byrd H. Valentine against Kaiser Aluminum and Chemical Corporation (Kaiser) for personal injuries which he alleges he sustained on December 22, 1964, while on the Kaiser premises in Baton Rouge, Louisiana, as an employee of C. S. Falco, an independent contractor doing construction work for the defendant. The petition alleges that plaintiff was forced to work on ground that appeared merely to be muddy, but in fact the mud contained a dangerous substance known as caustic acid, and, that though plaintiff was wearing eight inch leather boots, the mud and acid went over the top of his boots and into them causing a severe burn on his left foot, which injury prevented him from returning to work. The applicability of the doctrine of res ipsa loquitur to the jfacts of this case was specifically pleaded by plaintiff.
Kaiser, in answer, filed a general denial and specifically denied the applicability of the doctrine of res ipsa loquitur and in the alternative made a plea of contributory negligence.
Following trial on the merits judgment was rendered, with written oral reasons, in favor of defendant and against plaintiff, dismissing plaintiff’s demands. From this judgment plaintiff prosecutes this appeal, again urging the applicability of the doctrine of res ipsa loquitur. In resisting a reversal of the judgment appealed from, defendant contends that the doctrine is not applicable and therefore plaintiff has failed to bear his burden of proof.
The general yule, well established in our jurisprudence, is that negligence is never presumed. Thus, negligence or lack of due care can never be inferred from the mere fact that an accident has occurred. In order to recover damages allowed by our laws for injuries sustained in an accident, a plaintiff bears the burden of proving to a legal certainty by a reasonable preponderance of the evidence each alleged element of negligence contributing to the injury.
Proof may be made by direct evidence or by circumstantial evidence, that is, evidence of a fact from which another fact can be reasonably inferred. One type of circumstantial evidence recognized by our courts is given the name res ipsa loquitur. Under this doctrine, when the conditions for its application are met, a presumption, or more properly an inference, of negligence is raised which shifts the burden of proceeding with the evidence to the opposite party. In other words, when the doctrine of res ipsa loquitur is applicable to a case, the circumstances of the accident, per se, make out a prima facie case of negligence on the part of the defendant and he is thereby cast with the burden of proceeding to show the absence of negligence on his part.
In general terms, our courts have adopted the following rule for the doctrine of res ipsa loquitur:
“For the doctrine of res ipsa loquitur to be applicable, the evidence as to the circumstances connected with the accident must be of such a nature that it creates an inference that the accident was caused by the negligence of the defendant, and with a fair amount of certainty excludes every *760 other reasonable hypothesis as to the cause of such accident. This inference is not drawn merely because the accident occurred or the thing speaks for itself, but because all of the circumstances surrounding the accident are of such character that the only fair and reasonable conclusion is that the accident was due to some omission of the defendant’s duty, and that there is no other reasonable or logical explanation for the occurrence of such an accident.” Fruge v. Trahan, La. App., 194 So.d 478, 482.
In more specific terms, the conditions prerequisite to the application of the doctrine have been elucidated as follows:
“ * * * the doctrine of res ipsa lo-quitur must be applied to a case if the accident which damaged plaintiff was caused by an agency or instrumentality within the actual or constructive control of the defendant, if the accident is of a kind which ordinarily does not occur in the absence of negligence, and the evidence as to the true explanation of the accident is more readily accessable to the defendant than to the plaintiff.” Northwestern Mutual Fire Ass’n v. Allain, 226 La. 788, 77 So.2d 395, 397, 49 A.L.R.2d 362.
 It logically follows that the applicability of this rule of evidence must be determined at the conclusion of the trial of each case wherein its application is urged. If the evidence of the circumstances surrounding the accident is of such a character as to justify a conclusion by reasonable men that, as a whole, the cause of the accident was more likely due to a lack of the exercise of due care or the omission of some duty on the part of the defendant than some other outside agency, and the plaintiff has shown that the agency or instrumentality causing the injury was under the control of defendant, or about which he had a superior knowledge, then the doctrine is applicable and the defendant becomes burdened with the onus of proving his own lack of fault. See generally Lykiardopoulo v. New Orleans & C. R. Light and Power Company, 127 La. 309, 53 So. 575; Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Langlinais v. Geophysical Service, Inc., 237 La. 585, 111 So.2d 781; D’Allesandro v. Edgar Murray Supply Company, La.App., 185 So.2d 34; Fruge v. Trahan, La.App., 194 So.2d 478.
In the present case the trial court found that the plaintiff had failed to prove the applicability of the doctrine of res ipsa loquitur in that it was never proved that the accident was of such a nature that it would not ordinarily occur in the absence of negligence on the part of the defendant and that the cause of the accident was an instrumentality under the control of and within the superior knowledge of the defendant. With this conclusion we cannot agree.
The facts of this case, largely undisputed, are as follows: C. S. Falco Company, employer of plaintiff, had been engaged by Kaiser to sandblast and paint a large, bulk bauxite, storage facility. On the day in question there had been rain and, due to the repeated passage of plaintiff and his coworkers, bauxite which had collected in the structural steel members of the building and was knocked to the ground prior to sandblasting had been churned into mud. The congestion of the work area did not permit these workmen to avoid this mud. Plaintiff, who was working on the ground assisting in raising a scaffold, was required to traverse the muddy area and in doing so the mud ran over the tops of and into his eight inch boots. Plaintiff testified that the mud burnt his left foot.
A Falco crew foreman, Mr. Lamar Blount, testified that the mud was comprised of bauxite which he assumed was harmless since Kaiser employees worked in it daily and there was nothing in the mud’s appearance to indicate that it was dangerous. He further stated that though he did not know what substance in the mud would cause damage to human skin that several *761 other workers, including himself, were burned by the mud, though not seriously.
Defendant called Mr. Herschel L. Bolen, Kaiser’s superintendent for their Dock and Raw Material Section, who testified that the plant was engaged in the processing of caustic soda, a clear, colorless and odorless liquid which is an irritant and would burn human skin. In describing the physical lay-out of the plant, Mr. Bolen said that running along the side of the building on which plaintiff was working and throughout the plant to a total length of some 3,000 feet was a six inch line which carried 50% liquid caustic soda from barges at the dock on the river to shore tanks from which the soda goes into process. Mr. Bolen stated, and this is not disputed, that based on his observation at the time of the accident, there were no breaks in the line in the area where plaintiff was working.
Under these facts and circumstances we cannot escape the conclusion that the trial court erred in ruling that the doctrine of res ipsa loquitur was not applicable to this case.
The accident which occurred, the burning of plaintiff’s foot, is certainly one that would not ordinarily occur in the absence of negligence on the part of someone. The injury took place on defendant’s premises, which was in defendant’s control, not only as to the general area in which the mud was located but also as to the movement, use and control of bauxite, which formed the mud, and the caustic soda. The only logical inference that we can draw from these facts is that caustic soda, in some manner escaped from somewhere in the plant and became commingled with the bauxite or rain to form the mud by which plaintiff was injured. No other possible explanation logically presents itself. In such case, the defendant would have superior knowledge and ability to explain the cause of this injury. Thus, we find that all conditions requisite to the application of the doctrine of res ipsa loquitur to this accident are present.
The trial court, in finding the doctrine in-apposite, applied by analogy the case of Levine v. Hartford Accident and Indemnity Company, La.App., 149 So.2d 433. This was a “slip and fall” case, wherein rejecting the applicability of the doctrine of res ipsa loquitur, the court pointed out that the owner of a business establishment is not an insurer of the safety of his patrons and need only keep his floors in a reasonably safe condition, and, in case of an accident must have had actual or implied knowledge of the extraneous substance which caused the injury for such a time as to reasonably allow for its removal. In the case at bar not only is the defendant, as manufacturer of a dangerous agency, burdened with a greater degree of care and caution toward third persons but, as between plaintiff and defendant it is only defendant who could have actual, constructive or possibly any knowledge of how the caustic soda became commingled with the mud.
In addition, to hold the plaintiff obligated to positively identify the source of the harmful substance in the mud which injured him would, on the basis of the superi- or knowledge of defendant and his control of the situs of the accident, place an insurmountable burden on the plaintiff and, in effect, repudiate the purpose and application of the doctrine of res ipsa loquitur as established by our laws. Any allegation in plaintiff’s petition as to the exact nature of the mud is regarded as surplusage.
Plaintiff, having shown facts sufficient to bring his case within the scope of the res ipsa loquitur doctrine, has established a prima facie case of negligence on the part of the defendant. Thus, defendant is cast with the burden of overcoming the inference of negligence on its part. This burden defendant failed to discharge, for the record is absolutely devoid of any evidence tending to exculpate defendant of negligence other than scant testimony that amounted, in effect, to a showing of the use of reasonable care. This is not sufficient to overcome the inference raised by the appli *762 cation of the doctrine of res ipsa loquitur. Langlinais v. Geophysical Service Inc., supra.
Defendant’s plea of contributory negligence on the part of plaintiff is without foundation. Plaintiff could in no way avoid the mud by which he was injured and there was no warning, either verbally or visually, to put plaintiff on guard as to any possible danger on the premises. Nor is there proof that plaintiff, or his co-workers, did any act which could have, in any way, caused the mud to become dangerous.
This brings us to a consideration of the plaintiff’s damages. Upon sustaining the burn to his foot, the plaintiff was taken to the first aid station at Kaiser’s, and then was seen by a physician at the Rieger Clinic in Baton Rouge. He testified that he returned for treatments every other day until it was determined by the physician at the Rieger Clinic that a skin graft would be necessary to effectuate a complete healing of the wound. Plaintiff then placed himself under the care and treatment of Dr. Edmund J. Daly of Hammond. On January 7, 1965, he was admitted to the hospital for a skin graft procedure. He was discharged from the hospital on January 20, 1965. Dr. Daly testified that a skin graft of two inches by three inches was made on plaintiff’s foot from an area on the thigh. The doctor followed plaintiff’s post-operative treatment and he was discharged, as able to return to his usual employment, on April 4, 1965.
From the testimony of the treating physician it appears that the plaintiff had a period of disability of fifteen weeks. The record shows that plaintiff earned $3.925 per hour, and based on a forty hour week, his weekly compensation was $157. The doctor’s bill was $234, and the hospital bill was $298.25. We calculate the special damages as medical expenses of $532.25 and loss of earning of $2355, or a total of $2887.25.
Undoubtedly the plaintiff did suffer a moderate amount of intense pain from the burn initially, as well as a result of the skin graft operation. We find that for the physical pain and suffering and discomfort an award of $2,500 is fair and adequate.
For the foregoing reasons, the judgment of the district court is reversed and set aside, and judgment is rendered herein in favor of plaintiff and against the defendant in the full sum of $5,387.25, together with legal interest thereon from date of judicial demand until paid. Defendant is cast for all court costs.
Reversed and rendered.