354 So.2d 656 (1977)
The AMERICAN ROAD INSURANCE COMPANY
v.
Frank MONTGOMERY and Bobbie Thomas Montgomery.
No. 11733.
Court of Appeal of Louisiana, First Circuit.
December 28, 1977.
Rehearing Denied February 13, 1978.
Writ Refused March 17, 1978.
Writs Refused March 27, 1978.
*657 Frank W. Middleton, III, Baton Rouge, of counsel for plaintiff-appellant The American Road Ins. Co.
Michael W. McKay, Baton Rouge, of counsel for defendant-appellant Frank Montgomery and Bobbie Thomas Montgomery.
William T. Kivett, William J. Doran, Jr., Baton Rouge, of counsel for defendant-appellant Louisiana Dept. of Highways.
Andre C. Broussard, Baton Rouge, of counsel for defendant-appellee and third party plaintiff Shirley Callender.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This case involves a number of claims for personal injuries and property damages resulting from an intersectional collision.
The issues are:
(1) Strict liability under LSA-C.C. Art. 2317 of the Highway Department.
(2) The amount of the award.
Mrs. Bobbie Thomas Montgomery was proceeding west on a state highway when she had to stop for a red light at the intersection with another state highway. She testified she proceeded only when the light changed to green, but the lower court found, and we agree, that because of a defect in the traffic light she was faced with both a green and a red light. Mrs. Shirley Callender was proceeding north on La. 19, faced with a green light. The cars collided. Mrs. Callender was injured and her car was totally destroyed. Mrs. Montgomery and four guest passengers sustained personal injuries. The American Road Insurance Company sought recovery of the amount paid Mrs. Callender from Mr. and Mrs. Montgomery and the Highway Department. Mr. and Mrs. Montgomery sought contribution from the Highway Department. They also sought recovery for property damage and the personal injuries of Mrs. Montgomery and their three children from Mrs. Callender and the Highway Department. Priscilla Ford Montgomery and Dave H. Mitchell, guest passengers along with the three Montgomery children in the Montgomery car, sought recovery for personal injuries from Mrs. Callender and the Highway Department. The Highway Department sought contribution from Mr. and Mrs. Montgomery. Mrs. Callender sought recovery for personal injuries from Mr. and Mrs. Montgomery and the Highway Department. The Highway Department sought indemnity or contribution from Mr. and Mrs. Montgomery and Mrs. Callender.
After trial the court awarded judgment to The American road Insurance Company and against Mr. and Mrs. Montgomery for the amount of its subrogation; judgment to Mrs. Callender and against Mr. and Mrs. *658 Montgomery for $6,696.50. All other claims were dismissed. All parties appealed.
All parties except the Highway Department contend that it should be held liable. There is no evidence of notice, either actual or constructive, of the defective light. They contend, however, that the Highway Department should be held liable under LSA-C.C. Art. 2317[1] and Loescher v. Parr, La., 324 So.2d 441 (1975). In the most recent expression U.S.F.&G. Co. v. State, Department of Highways, La., 339 So.2d 780 (1976), the Supreme Court expressly stated it did not have to reach the question of strict liability under Art. 2317, since it found the Highway Department had received notice and was negligent. There was no notice in the instant case; we have to consider the question not answered by the Supreme Court. We decide that under the express language of Loescher v. Parr, supra, the article applies.
We quote from page 446 of that case:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former's part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.
The fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others. Thus, the person to whom society allots the supervision, care, or guardianship (custody) of the risk-creating person or thing bears the loss resulting from creation of the risk, rather than some innocent third person harmed as a consequence of his failure to prevent the risk. His fault rests upon his failure to prevent the risk-creating harm and upon his obligation to guard against the condition or activity (by the person or thing for which he is responsible) which creates the unreasonable risk of harm to others."
Plaintiffs have proved that the Highway Department had control or custody or garde of the light, the light had a defect, and the defect was a cause of damage.
It is argued that this strict liability should not be applicable to a public agency, because benefit or enjoyment of the thing does not accrue to the state in the traditional manner. We cannot see any logical reason for that conclusion, which must be based, if found, on reasons of policy. It is argued, too, that the imposition of strict liability will be prohibitively expensive to the Highway Department. This argument is more properly addressed to the legislature than to us.
This holding, however, does not result in the liability of the Highway Department. The owner or custodian of the thing is absolved from liability if he proves that the harm was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. We have found no authority that this cause must be the sole one. A quotation[2] from Loescher v. Parr, supra, indicates that it need be only a substantial factor.
We find that the negligence of Mrs. Montgomery was a cause in fact.
It is argued that Mrs. Montgomery is not at fault: her action was not the proximate cause of the injury; it was the duty of the Highway Department to protect her from exposure to the risk she encountered. We do not believe that the duty of the Highway Department to Mrs. Montgomery extended *659 to guarding her against the consequences of her proceeding when faced with a yellow light, a red light or both a green and a red light. Furthermore, the fault of which the Highway Department was guilty is that imposed by C.C. Art. 2317, not negligence under C.C. Art. 2315 and 2316, with its questions of duty, breach and scope of protection.
Mr. and Mrs. Montgomery claim that the award of $6,000.00 in general damages is excessive. Shirley Callender suffered pain in her left jaw, left ribs, and both knees. There was swelling in the left mandible, two jagged lacerations near the left knee and one jagged laceration near the right knee. She was treated for the better part of 10 hours in the emergency room and then released. She returned the next day for removal of the drain tubes placed in her knees. She missed six weeks of work; she was confined to the bed for three. She still had trouble with her knees after her return to work mainly because she does stockroom work, lifting boxes and stocking shelves. There are scars on her knees that remain visible and embarrassing. Under these facts, we find that the award of $6,000.00 general damages did not constitute an abuse of the much discretion vested in the trier of fact. LSA-C.C. Article 1934(3).
The judgment appealed from is affirmed. The costs of this appeal are taxed equally among all appellants.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 2317

"Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
[2] "* * * No showing is made that the fault of the victim or of any third person contributed to (i. e., was a substantial factor in) the fall of the tree." p. 449.