366 So.2d 1020 (1978)
Janet Voorhies DURBIN et al.
v.
CITY OF BATON ROUGE et al.
No. 12335.
Court of Appeal of Louisiana, First Circuit.
December 27, 1978.
*1021 Charles W. Rea, Baton Rouge, of counsel for plaintiff-appellee Janet Voorhies Durbin, et al.
Parish Atty. Joseph F. Keogh, Asst. Parish Atty. Charles E. Pilcher, Baton Rouge, of counsel for defendant-appellant City of Baton Rouge, et al.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
The issues in this tort suit are: Does strict liability under LSA-C.C. Art. 2317 apply to governmental agencies; and what court costs are to be assessed to governmental agencies.
The lower court held that C.C. Art. 2317 did apply to the City of Baton Rouge and assessed all court costs to the city. We affirm.
The plaintiff, Janet Durbin, suffered personal injuries and property damage when a large tree limb fell onto her car which she was occupying. The tree, situated on a street right-of-way belonging to the City of Baton Rouge, was proved to be rotted. However, there was no proof that the defect was apparent or that the city had notice of any defect.
In American Road Insurance Co. v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1978), we held that C.C. Art. 2317 did apply to the department of Highways, even though no liability to that defendant resulted because of the fault of a third person. The Supreme Court denied writs, 356 So.2d 430, 434, 435 (La.1978). We found nothing in the words of C.C. Art. 2317 or of Loescher v. Parr, 324 So.2d 441 (La.1975), to justify a governmental agency being treated differently from a private defendant. We adhere to that opinion.
It is true that the Third Circuit in Gallien v. Commercial Union Insurance Co., 353 So.2d 1127 (La.App. 3d Cir. 1978), held that C.C. Art. 2317 did not apply to governmental entities. The Supreme Court denied a writ there also. The court's rationale was that the strict liability of Art. 2317 had not yet been held applicable to governmental agencies and that the Supreme Court had not taken an opportunity to do so but had looked for and found notice of the defect before finding liability. United States Fidelity and Guaranty Company v. State of Louisiana, Dept. of Hwys., 339 So.2d 780 (La.1976). The Supreme Court also denied a writ in the Gallien case. 354 So.2d 1379 (La.1978).
It is also true that there are some economic justifications for exempting governmental agencies. These were recognized in both the Gallien and in The American Road Insurance Company cases. We feel now, as we did formerly, that the question of exemptions is properly addressed elsewhere.
The City of Baton Rouge complains that it was assessed all costs in violation of LSA-R.S. 13:4521.[1] However, the recent case of Segura v. Louisiana Architects Selection Board, 362 So.2d 498 (La.1978), held that the provisions of that statute were superseded by Section 10(A) of Article XII of the Constitution of 1974 to the effect that the state, a state agency or a political subdivision shall not be immune from suit *1022 and liability in contract or for injury to person or property.
For these reasons, the judgment is affirmed. The costs are assessed against the appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 13:4521:

"Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers' costs for taking testimony. As amended Acts 1964, No. 509, § 1."