GUIDRY, Judge.
This is a tort suit brought against the town of Ville Platte for damages sustained by plaintiff when he drove his automobile over a manhole cover in that town and was injured. The manhole cover lifted up as plaintiff’s automobile proceeded across it lodging in the undercarriage of the automobile, which circumstance caused the car to come to a sudden stop throwing plaintiff into the steering wheel. As a result of the impact, plaintiff suffered a fracture of the sternum, cardiac contusion, and other minor injuries. The trial court found that res ipsa loquitur applied to establish a prima facie case of negligence against defendant and that defendant had failed to rebut such prima facie showing. Accordingly, the trial court rendered judgment in favor of plaintiff for the sum of $13,917.82. Defendant has perfected this appeal. Plaintiff has answered the appeal seeking an increase in the award. We affirm.
The undisputed facts giving rise to this suit may be summarized as follows: On February 14, 1978, plaintiff, Lonise Hebert, was driving his 1956 Mercury automobile at a rate of about 15 to 20 miles per hour in an easterly direction on West Pine Street in Ville Platte, Louisiana. Suddenly, and without apparent reason, his vehicle came to a stop, thrusting him into the steering wheel. When plaintiff got out of his car to see what had happened, he saw that one section of a manhole cover located in the street was lifted off the manhole. The section had apparently become lodged in the undercarriage of his car, causing it to stop.
The manhole cover in question consists of two half-inch thick steel metal plates (each 15" wide and 48" long). The plates have re-enforcement rods throughout and fit on angle irons set into concrete. They are flush with the blacktopped surface of the street. Each plate weighs approximately 95 to 100 pounds, and they sit side by side when in their proper positions.
The hole which these plates cover houses two pumps. The record reveals that these pumps are inspected twice daily, once around 7:30 a. m. and once around 3:30 p. m. The accident in question occurred at about 8:30 a. m., or approximately one hour after the morning inspection. Although the manhole cover need not be lifted at each inspection, as the pump readings may be obtained from gauges located approximately 24 feet away from the manhole, part of the inspection process does include looking at the manhole cover to make certain that it is in a secure position. The manhole has been in its present position since approximately 1949.
The trial court, invoking the doctrine of res ipsa loquitur, found that plaintiff established a prima facie case of negligence against defendant which was not rebutted, and consequently found liability on the part of the town of Ville Platte.
In the case of Valentine v. Kaiser Aluminum & Chemical Corp., 205 So.2d 757 (La. App. 1st Cir. 1967), our brethren of the First Circuit discussed the proper application of res ipsa loquitur, stating:
“. . the applicability of this rule of evidence must be determined at the conclusion of the trial of each case wherein its application is urged. If the evidence of the circumstances surrounding the accident is of such a character as to justify a conclusion by reasonable men that, as a *231 whole, the cause of the accident was more likely due to a lack of the exercise of due care or the omission of some duty on the part of the defendant than some other outside agency, and the plaintiff has shown that the agency or instrumentality causing the injury was under the control of defendant, or about which he had a superior knowledge, then the doctrine is applicable and the defendant becomes burdened with the onus of proving his own lack of fault. See generally Lykiardopoulo v. New Orleans & C. R. Light and Power Company, 127 La. 309, 53 So. 575; Larkin v. State Farm Mutual Automobile Ins. Co., 233 La. 544, 97 So.2d 389; Langlinais v. Geophysical Service. Inc., 237 La. 585, 111 So.2d 781; D’Allesandro v. Edsar Murray Supply Company, La.App., 185 So.2d 34; Fruge v. Trahan. La.App., 194 So.2d 478.” at p. 760.
See also, McCann v. Baton Rouge General Hospital, 276 So.2d 259 (La.1973); Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (La.1972); King v. King, 253 La. 270, 217 So.2d 395 (La. 1972); King v. King, 253 La. 270, 217 So.2d 395 (La.1968); Malone, Res Ipsa Loquitur and Proof by Inference, 4 La.Law Review 70.
We agree with the trial court that the doctrine of res ipsa loquitur is applicable under the circumstances of the instant case. Further, we determine that the record supports the conclusion that the most plausible explanation for the occurrence of the accident is the lack of due care or the omission of some duty on the part of defendant’s employees who were charged with the duty of inspecting and maintaining the manhole cover properly positioned on its frame. We reach this conclusion for the following reasons.
There is no dispute that plaintiff was in no way contributorily negligent in causing the accident. He was simply driving along at a reasonable rate of speed, when a section of the manhole cover lifted up, caught in the undercarriage of his car and caused it to come to a sudden stop. Unquestionably, such an event should not have happened in normal use of the manhole cover. The only possible explanations for the occurrence of the accident would be that either the two steel plates comprising the cover were not properly positioned on their frame, or the cover or frame itself was defective.
The record completely negates the possibility that the manhole cover or the frame on which it rested was defective. Defendant’s employees testified that they inspected the cover shortly before the accident and found nothing physically wrong with it. The cover was again inspected after the accident, and again found to be nondefec-tive. Such a conclusion is further supported by the fact that the manhole cover and frame had been continuously in use for some thirty years without mishap and that after the accident the same steel plates were replaced over the manhole, apparently without incident since. We further note that this accident is not one which would not have happened in the absence of a defective manhole cover. The record reveals that if the steel plates were not properly sitting in their frame, they could lift up despite the non-defective state of the plates or frame. Cf. Marquez v. City Stores Company et al., 371 So.2d 810 (La.1979). We find no evidence in the record to support a conclusion that the cover or frame was defective. In light of this conclusion, we need not consider the effect of LSA-C.C. Article 2317 as explained in Loescher v. Parr, 324 So.2d 441 (La.1975), or whether if such did apply under the instant facts, plaintiff’s recovery would be barred in light of our holding in Gallien v. Commercial Union Ins. Co., 353 So.2d 1127 (La.App. 3rd Cir. 1977), writ denied 354 So.2d 1379 (La.1978), where we found that the rule of strict liability imposed by Article 2317 as explained in Loescher v. Parr, supra, could not be applied against public bodies or municipalities absent notice and a reasonable opportunity to repair.
Having eliminated a defect in the plates and/or frame as a plausible reason for the occurrence of the accident, we reach the conclusion, as aforestated, that the most plausible explanation for the occurrence of *232 the accident was the negligence of defendant’s employees.
The Superintendent of the sewerage system testified that it was necessary for the two steel plates to be carefully set into position, and that if they were not fitted right next to each other — if even a crack was left between them — they could open. Other testimony found in the record réveals that each section of the manhole cover weighs approximately one hundred pounds, and requires the work of two men with a pick and shovel to be lifted. At the time of the accident, the cover had been in its present position for thirty years, and had never been lifted up. solely by the weight of a passing vehicle. We do not find it reasonable to believe that some individual or instrumentality intervened to move or offset the steel plates, causing them to lift under the weight of plaintiff’s car. See, Pilie v. National Food Stores Inc., 245 La. 276, 158 So.2d 162 (La. 1963); Taylor v. CNA Insurance Group, 300 So.2d 479 (La.1974).
After examining the totality of the circumstances surrounding this accident, we find that the most plausible explanation for the manhole cover, which was under defendant’s care and custody, to lift up and catch on plaintiff’s car, was the negligence of defendant’s employees in failing to make certain that the two steel plates were properly aligned in their frame,
Having found that res ipsa loquitur was properly applicable under the instant facts and established a prima facie case of negligence against defendant, the trial court concluded that defendant failed to meet its burden of proving its own lack of fault. We find that the record amply supports the trial court’s conclusion. The evidence brought forth by defendant’s witnesses merely amounted to a showing of the use of reasonable care in inspecting the manhole cover. Such evidence is not sufficient to overcome the inference raised by the application of the doctrine of res ipsa loqui-tur. Langlinais v. Geophysical Service, Inc., supra; Valentine v. Kaiser Aluminum & Chemical Corp., supra.
We next consider appellee’s request for an increase in the quantum of damages awarded. In its written reasons for judgment, the trial court reviewed the injuries sustained by plaintiff, and the evidence adduced in support of recovery as follows:
"Hr. Ramson K. Vidrine, a physician and surgeon of Ville Platte testified in behalf of the plaintiff. He treated plaintiff for his injuries on the very day of the accident, and had him hospitalized at the Savoy Memorial Hospital where he remained about two weeks undergoing treatment for his injuries. Dr. Vidrine stated that as a result of the accident, plaintiff had suffered a fracture of the sternum, and cardiac contusion, which is a contusion of the heart muscle itself, a medical condition of a very serious nature. This heart trauma was caused by the impact of plaintiffs body being thrown against the steering wheel at the time of the accident. Dr. Vidrine stated that patients who suffer cardiac contusions usually stay in bed for 3 months which indicates to the court the gravity of this condition. He also testified that plaintiff suffered from contusions of the arms and legs, but that these were not very severe.
Dr. Vidrine prescribed a corset which plaintiff still wears about his chest. Plaintiff, according to Dr. Vidrine, suffers or suffered, from many diseases including urethal fistula, phimosis, arterio-sclerotic heart disease, and angina. Dr. Vidrine also testified that the injury was worse as to him than to an ordinary person not suffering from such diseases. When asked if plaintiff was in worse shape now as a result of the injuries received in the accident, Dr. Vidrine answered, ‘of course’.

The plaintiff has endured much pain and suffering since the accident, and will continue to do so, especially when he coughs, or strains. He can no longer repair mowing machines as he used to do prior to the accident.

Without going into greater detail, suffice it to say that after a careful and thorough review of the evidence the 
*233
Court finds that plaintiff has proven his case by a preponderance of the evidence as required by law, and is entitled to recover the following damages, to-wit:

1. Dr. Ramson K. Vidrine -$ 270.00

2. Savoy Memorial Hospital - 1,647.82
8. For physical pain and suffering- 12,000.00”
It is well settled that before a court of appeal can disturb an award made by a trial court, the record must clearly reveal that the trier of fact abused its much discretion in making its award. Only after making the finding that the record supports that the lower court abused its much discretion can the appellate court disturb the award, and then only to the extent of lowering it (or raising it) to the highest (or lowest) point which is reasonably within the discretion afforded that court. LSA-C.C. Article 1934; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977); Schexnayder v. Carpenter, 346 So.2d 196 (La.1977).
After reviewing the record we find that the trial court did not abuse its much discretion in setting plaintiff’s award for damages.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.
STOKER, J., concurs and assigns written reasons.
DOMENGEAUX, J., dissents and assigns written reasons.