376 So.2d 1003 (1979)
Leroy JONES et ux.
v.
The CITY OF BATON ROUGE, Parish of East Baton Rouge.
No. 12809.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Rehearing Denied November 29, 1979.
*1004 Joel B. Dickinson, Baton Rouge, counsel for plaintiff-appellant Leroy Jones and Ophelia Jones.
Frank J. Gremillion, Baton Rouge, counsel for defendant-appellee The City of Baton Rouge, Parish of East Baton Rouge.
Before LANDRY, EDWARDS and LEAR, JJ.
LEAR, Judge.
On June 18, 1977, Mrs. Ophelia Jones suffered physical injuries when she stepped on a catch-basin cover, which tilted in such manner as to throw her into the basin, causing the injuries complained of. Plaintiff, Leroy Jones, the husband of Ophelia Jones, suffered loss in the form of medical expenses and for wages lost by Mrs. Jones as a result of her injuries. The trial court dismissed plaintiffs' suits at their cost, ruling that there was no evidence before the court that any employee of the City of Baton Rouge either broke the catch-basin lid or put a defective lid on the basin.
Briefly, the facts are that Mr. and Mrs. Jones were on their way to a church function. Mr. Jones stopped at the intersection of 39th Street and Fairfields Avenue, and Mrs. Jones got out of the car, crossed the street and mailed a letter. On her way back she stepped on the catch-basin cover which gave way and allowed Mrs. Jones to fall into the catch-basin, a depth of about four (4) feet. Mr. Jones, Mr. Benit Walkerwho had been in a car behind the Joneses', and another man who did not testify at the trial, pulled the cover off Mrs. Jones since it had fallen down into the hole with her, and then pulled Mrs. Jones out of the hole. Mr. Jones took his wife to the hospital and on his way back, he passed by the catch-basin. He noticed that it had been barricaded. The cover was broken and part of it had been placed back on the catch-basin. The evidence indicates that the part broken was down inside the catch-basin. (See Page 89 of the transcript). There is some dispute whether the catch-basin cover gave way because it was defective and broke under the weight of Mrs. Jones, or whether the cover was not properly placed on the catch-basin and gave way when Mrs. Jones stepped on the corner of it.
*1005 The basin is rectangular in shape. The lid is set in a groove whereby the lid itself is inserted in such a manner that it could not slip nor slide from side to side because of the flange inserted into the groove completely around the recessed groove.
The lid is very heavy and is lifted by City employees with the use of a special tool. It is lifted occasionally, of course, for the purpose of cleaning the basin.
The evidence is uncontroverted that Mrs. Jones fell into the catch-basin, the bottom of which is approximately four feet from the surface of the roadway and that the catch-basin cover also fell into the basin striking plaintiff's foot and pinning her against the side of the basin.
We find this matter to be controlled by our decisions in American Road Insurance Company v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1978), which applied the principles of La.C.C. Article 2317 as interpreted by our Supreme Court in Loescher v. Parr, 324 So.2d 441 (La.1975), to governmental agencies and entities, and Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App. 1st Cir. 1978), wherein we reaffirmed our holding in Road Insurance Company, above.
As noted in Durbin, above, we again note the contrary holding of our brothers of the Third Circuit in Gallien v. Commercial Insurance Company, 353 So.2d 1127 (La.App. 3d Cir. 1978), which declined to apply Article 2317, above, to governmental agencies.
We adhere to the views expressed by this court in the above cited authorities. The difference between this court and our brothers of the Third Circuit, is a matter which addresses itself to the supervisory authority and jurisdiction of the Supreme Court.
In applying La.C.C. Article 2317 we find that plaintiffs have proved that the City of Baton Rouge had custody of the catch-basin cover, that the catch-basin cover was defective, and that the defect caused Mrs. Jones' injuries.
Appellee has alleged however, that Mrs. Jones' injuries resulted from her our negligence. This contention is without merit.
Under Loescher v. Parr, supra, the custodian of the thing is absolved from liability only upon proving that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. Our review of the record does not reveal any evidence that the catch-basin cover was so placed as to draw Mrs. Jones' attention to the fact that it was defective. Furthermore, the fact that Mrs. Jones was on the look-out for traffic on 39th Street would be expected to further divert her attention from the condition of the catch-basin cover.
Consequently, we find defendant liable pursuant to La.C.C. Article 2317.
Doctor bills in the amount of Three hundred ninety-one and 50/100 ($391.50) dollars were incurred as a result of injuries to Ophelia Jones and she lost the sum of Six hundred twenty-four and No/100 ($624.00) dollars in wages.
Therefore, the judgment of the District Court should be reversed and Leroy Jones should have recovered judgment in the amount of Three hundred ninety-one and 50/100 ($391.50) dollars and Six hundred twenty-four and No/100 ($624.00) dollars, or a total of One thousand fifteen and 50/100 ($1,015.50) dollars.
The deposition of Dr. Kenneth C. Cranor indicates that plaintiff, Ophelia Jones, suffered a fracture of the shaft of the left metatarsal which is the bone in the fore part of the foot just behind the toe. The metatarsal that she broke was the fifth, or the one on the outer edge of the foot. She also had some complaints of back pain, but her main difficulty was the left foot. A boot type cast was placed on the left foot on June 23, 1977 and removed on August 8, 1977. She was advised on September 22, 1977 that she could return to work. Plaintiff was incapacitated for three (3) months and suffered some discomfort for a brief period thereafter.
*1006 We are of the opinion, based upon the above medical history of Ophelia Jones, that an award of Four thousand five hundred and No/100 ($4,500.00) dollars will adequately compensate her for physical injury, pain and suffering.
Therefore, for the reasons stated above, the judgment of the trial court is reversed and judgment is rendered in favor of plaintiff Leroy Jones and against the City of Baton Rouge, Parish of East Baton Rouge, in the sum of One thousand fifteen and 50/100 ($1,015.50) dollars in favor of Ophelia Jones in the sum of Four thousand five hundred and No/100 ($4,500.00) dollars, both judgments to bear legal interest from date of judicial demand until paid, appellee to pay all costs.
REVERSED AND RENDERED.