392 So.2d 1078 (1980)
Edgar M. SHIPP et ux, Plaintiffs-Appellees,
v.
CITY OF ALEXANDRIA et al, Defendant-Appellant.
No. 7743.
Court of Appeal of Louisiana, Third Circuit.
July 22, 1980.
Gist, Methvin, Hughes & Munsterman, H. B. Gist, III, Alexandria, for defendant-appellant.
Stephen E. Everett, Alexandria, for plaintiff-appellee.
Kennedy & Yeager, Ralph W. Kennedy, Alexandria, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
*1079 LABORDE, Judge.
Defendant appeals from the trial court's decision awarding plaintiff $5,000 in general damages and $864.50 in special damages. Plaintiff, Mrs. Edgar M. Shipp, had sustained a severely sprained left ankle when she stepped off an eleven inch curb onto De Soto Street which was a street built and maintained by defendant in its capacity as the municipal government of the city of Alexandria. The reason for her injury was alleged to be a defective expansion joint which had eroded and buckled, creating a pot-hole.
The trial court held that C.C. Art. 2317 applied and therefore the City would be strictly liable unless an intervening factor had caused the accident. Defendant appeals, arguing that strict liability under Loescher v. Parr, 324 So.2d 441 (La.1975) does not apply to public bodies and cites our decision in Gallien v. Commercial Union Insurance Company, 353 So.2d 1127 (La.App. 3rd Cir. 1977), writ refused 354 So.2d 1379. Defendant also appealed the general damage award of $5,000 as being excessive.
The issue of whether or not C.C. Art. 2317 applies to public bodies has been raised several times since the Supreme Court decided Loescher v. Parr, 324 So.2d 441 (La. 1975). The First Circuit in American Road Ins. Co. v. Montgomery, 354 So.2d 656 (La. App. 1st Cir. 1977) held that C.C. Art. 2317 applied to the State Department of Highways; in Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App 1st Cir. 1978) and Jones v. City of Baton Rouge, 376 So.2d 1003 (La.App. 1st Cir. 1979) held the article applicable to the City of Baton Rouge; and in Joffrion v. Allstate Ins. Co., 374 So.2d 694 (La.App. 1st Cir. 1979) held the article applicable to City of Donaldsonville.
We have held that Art. 2317 did not apply to public bodies in Hebert v. Town of Ville Platte, 373 So.2d 229 (La.App. 3rd Cir. 1979) and Gallien v. Commercial Union Ins. Co., supra. However, we have in the past held public bodies subject to strict liability under C.C. Art. 667. Romero v. Town of Welsh, 370 So.2d 1286 (La.App. 3rd Cir. 1979).
We find no language in Art. 2317 which precludes its application to public bodies. It has been suggested that Romero, Durbin and similar cases reflect the waiver of liability in the 1974 constitution. "The Work of the Louisiana Appellate Courts for the 1978-1979 TermLocal Government Law," 40 La.L.Rev. 681, 715 (1980). We agree that the modern trend is for public bodies to be treated in the same manner as private individuals unless policy considerations suggest otherwise. Therefore, we hold that the trial court was correct in applying Art. 2317 to this case.
In addition to urging the inapplicability of Art. 2317, appellants argue that a review of the facts presented to the trial court would show that Mrs. Shipp was at fault and therefore, the defendant is not liable. Under Art. 2317, defendant is liable unless the harm was caused 1) by the fault of the victim 2) by the fault of a third person or 3) by an irresistible force. Loescher v. Parr, supra. Fault has been interpreted to mean substantial factor. Loescher v. Parr, supra. Using the standard of review enunciated in Arceneaux v. Dominique, 365 So.2d 1330 (La.1978), we have reviewed the record and find no manifest error in the trial court's holding that the victim was without fault.
We are also asked to review the award in this case. Under the standards enunciated in Coco v. Winston, 341 So.2d 332 (La.1976) and Reck v. Stevens, 373 So.2d 498 (La.1979) in order to alter the court's award, we must find a clear abuse of the trier of fact's much discretion under C.C. Art. 1934(3). The trial judge awarded plaintiffs $864.50 for special damages and $5,000 for general damages. Mrs. Shipp suffered a severe sprain of her left foot and ankle on January 15, 1979. Her doctor testified that Mrs. Shipp's ankle was still painful and swollen when he examined her on April 24, 1979. Mrs. Shipp testified that her foot and ankle are weaker than before and "turned easily," therefore requiring the use of a cane. Mrs. Shipp was still using the cane at the time of trial on November 9, 1979. Based on plaintiff's uncontradicted *1080 testimony and her doctor's deposition, we find no abuse of the trial court's much discretion; and accordingly, we affirm the award.
For the above reasons, the trial court judgment is affirmed in all respects. Cost of this appeal are taxed to appellant.
AFFIRMED.
FORET, J., dissents for reasons assigned.
FORET, Judge, dissenting.
I respectfully dissent for the reasons stated by this Court in Hebert v. Town of Ville Platte, 373 So.2d 229 (La.App. 3 Cir. 1979) and Gallien v. Commercial Union Insurance Company, 353 So.2d 1127 (La.App. 3 Cir. 1977), writ refused, 354 So.2d 1379. In both of these cases, we refused to apply LSA-C.C. Article 2317 to a public body, for policy considerations, if for no other reason. I still adhere to the view and the long-standing jurisprudence that public bodies can be held liable under circumstances such as this only after a showing of actual or constructive knowledge of the defect. I therefore respectfully dissent.