392 So.2d 482 (1980)
Leola SCOTT
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 13359.
Court of Appeal of Louisiana, First Circuit.
September 16, 1980.
Rehearing Denied December 15, 1980.
Writ Refused February 6, 1981.
*483 James A. Wood, Joel B. Dickinson, Baton Rouge, for plaintiff-appellee Leola Scott.
David K. Balfore, William J. Doran, Baton Rouge, for defendant-appellant State of Louisiana, through the Dept. of Transp. and Development.
Before COVINGTON, LOTTINGER and COLE, JJ.
COVINGTON, Judge.
This is an appeal by the defendant, State of Louisiana, Department of Transportation and Development, from a judgment of the District Court in favor of the plaintiff, Leola Scott, in the sum of $3,166.62, with interest and costs. We affirm.
The suit arises out of an accident that occurred on January 25, 1978, on Louisiana Highway 44 approximately three-tenths of a mile from the intersection of Highway 44 and Airline Highway at the first bridge crossing. It was a one-car accident which the plaintiff alleged happened when she struck a pothole in the road in her lane of traffic. As a result, the plaintiff claimed she sustained personal injuries and property damage. She alleged that the sole and proximate cause of the accident was the negligence of the Department in failing to maintain the roadway when the defendant knew or should have known that the roadway was in a defective condition; failing to warn the public of the dangerous condition; failing to monitor and control the roadway for such defects; and failing to repair the situation after having actual knowledge of the existence of the dangerously defective condition. The Department denied any negligence on its part, and affirmatively asserted that the accident was caused solely by the negligence or contributory negligence of the plaintiff.
After trial, the District Court issued written reasons for judgment on June 5, 1979, dismissing the plaintiff's suit at her costs. The basic reasons set out by the court were that the Department is not responsible for the results of all defects in the highways of the state, that in order for the Department to be liable there must exist a condition presently dangerous to prudent persons, and the Department must have had prior actual notice of the condition unless the defect has existed sufficiently long enough for it to be charged with constructive notice thereof. The trial judge found the pothole was an obviously dangerous condition and that Mrs. Scott was free from any negligence in striking it, but dismissed the suit on the ground that there was no evidence that the Department had either actual or constructive notice of the defective roadway.
The plaintiff timely moved for a new trial, which was granted without additional testimony or other evidence. On November 8, 1979, the trial court reversed its prior decision, and awarded damages to the plaintiff. The trial judge assigned written reasons for judgment, as follows:
"In its written reasons of June 5, 1979, the Court based its decision on the fact that no evidence existed to inform the State of Louisiana, Through Department of Transportation and Development of the existence of the pot hole that caused the accident, citing prior jurisprudence, Pickens v. St. Tammany Parish Police Jury, [La.App.] 308 So.2nd 361; Miller v. City of New Orleans [La.App.] 152 So. 141.

*484 "The jurisprudence in Louisiana, specifically, the First Circuit Court of Appeal for the State of Louisiana, has now eliminated the need of notice to the State of Louisiana, before liability can attach.
"In the present case on January 25, 1978, Leola Scott was driving south on La. Hwy 44 toward Gonzales and as she crossed a bridge, her vehicle struck a pot hole that caused her personal injuries and property damage.
"According to Mrs. Scott, she had gone to the Triangle Grocery to shop, however, not finding the items she desired, she entered La. Hwy 44 to proceed to Gonzales to shop. She described La. Hwy 44 as having numerous small holes that she would try to dodge. Her maximum speed was 30 mph before arriving at a narrow bridge. As she approached the narrow bridge, she slowed to approximately 20 mph and as she was leaving the bridge she noticed a large pot hole.
"She testified that as she was at the end of the bridge she noticed the pot hole, but did not realize the depth, however, because of on coming traffic, she could not leave her lane of traffic. She further stated that she could not stop in time to avoid hitting the hole.
"Mrs. Scott stated she and a cousin went to the scene of the accident of [on] January 26, 1978, to observe the hole, however, the Highway Department had repaired the hole (See Exhibit P-3-4-5).
"Upon hitting the hole, the impact caused the rear windshield to shatter. Mrs. Scott stated she sustained personal injuries.
"In apply[ing] La.C.C. Article 2317 this Court finds that the plaintiff has proven that the State of Louisiana had custody of LA. Hwy 44, that the highway was defective and that the defect caused Mrs. Scott's injuries. The application of strict liability under C.C. Article 2317 is applicable to governmental agencies. [American] Road Ins. Co. v. Montgomery, 345 [354] So.2nd 656 (La.App. 1st Cir. 1978); Durbin v. City of Baton Rouge, 366 So.2nd 1020 (La.App. 1st Cir. 1978); and Leroy Jones, et ux v. City of Baton Rouge, La.App. 1st Cir. [376 So.2d 1003] Oct. 8, 1979, No. 12809.
"Under Loescher v. Parr 324 So.2nd 441 (La.1975), the custodian of the thing is absolved from liability only upon proving that the damage was caused by the fault of the victim, by the fault of a third person, or by an irresistible force. The evidence does not reveal that Mrs. Scott was at fault. According to her testimony she could not have changed lanes of traffic due to oncoming traffic. Further, she stated she could not have stopped in time to avoid the hole.
"The defendant did not present any evidence whatsoever to contradict Mrs. Scott's testimony.
"This Court finds the defendant liable pursuant to LA.C.C. Article 2317.
"Dr. A. K. Fleet, general practitioner testified he first saw Mrs. Scott on January 27, 1978, and subsequently treated her for a whiplash injury to the neck and a strain of the lower back. The physical treatment consisted of diathermy and cortisone injections. He saw Mrs. Scott 23 times, from January 27, 1978 to April 20, 1978. This prognosis was that her recovery was good. His fee for treatment was $223.00.
"Mrs. Scott had x-rays and therapy treatment at the Baton Rouge General for a cost of $284.00 (Exhibit P-6). Prescription expenses were $36.62 (Exhibit P-7).
"Mrs. Scott testified that she incurred an expense of $123.00 to replace the rear windshield.
"This Court believes an award of $2500.00 is adequate to compensate Mrs. Scott for her personal injuries. Further the Court will award the following expenses.

(1.) Medical ExpenseDr. Fleet $223.00[1]
(2.) Baton Rouge General Hospital 284.00
(3.) Prescriptions 36.62
(4.) Property damage 123.00

*485 Judgment is rendered in favor of Leola Scott and against the State of Louisiana, Department of Transportation and Development in the sum of $3,166.62, together with legal interest from judicial demand and all costs.
"Expert witness fee of Dr. Fleet is fixed at $75.00 and is to be paid by defendant."
On appeal, the Department argues that the law of this state regarding the liability of public bodies, such as the Department of Transportation and Development, is that which is expressed by our Supreme Court in United States Fidelity and Guaranty Company v. State, Department of Highways, 339 So.2d 780 (La.1976), and that that case, having been decided after Loescher v. Parr, 324 So.2d 441 (La.1975), is controlling with regard to the liability of public bodies, so that in order to hold the Department liable for an accident caused by a dangerous condition of a state highway, it must be shown that the Department had prior notice, either actual or constructive, of the dangerous condition and had sufficient opportunity to remedy the condition and failed to do so.
We disagree. We find this matter to be controlled by our decisions in American Road Insurance Company v. Montgomery, 354 So.2d 656 (La.App. 1 Cir. 1978), writ denied, 356 So.2d 430, 434, 435 (La. 1978); Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App. 1 Cir. 1978); and Jones v. City of Baton Rouge, 376 So.2d 1003 (La.App. 1 Cir. 1979). In American Road Insurance Company, we applied the strict liability under LSA-C.C. art. 2317 as interpreted by the Court in Loescher v. Parr, supra, to governmental agencies. In Durbin we reaffirmed our holding in American Road Insurance Company, and noted the contrary holding of our brothers of the Third Circuit in Gallien v. Commercial Union Insurance Co., 353 So.2d 1127 (La.App. 3 Cir. 1977), writ denied, 354 So.2d 1379 (La. 1978), which held that Article 2317 did not apply to governmental agencies. In Jones we pointed out that the difference between the two circuit courts addressed itself to the supervisory authority and jurisdiction of our Supreme Court.[2]
The Department next argues that under Loescher v. Parr and American Road Insurance Company v. Montgomery, above, it is absolved from liability because it has proved that the damage was caused by the fault of Mrs. Scott, in that she failed "to observe the conditions of the roadway to adjust her driving accordingly." We have reviewed the record and find this argument without merit. Mrs. Scott testified that as she approached the end of the bridge she saw the pothole, but she could not stop in time to avoid the hole and was not able to change lanes due to the traffic. The defendant offered no evidence showing any fault on the part of the plaintiff. The case of Dupre v. Louisiana Department of Highways, 154 So.2d 579 (La.App. 3 Cir. 1963), cited by the Department in its brief, is factually distinguishable. In the instant case the plaintiff was not driving at an excessive speed, and traffic conditions made it impossible for her to avoid the pothole.
The appellant's final argument that the plaintiff failed to sustain her burden of proof is without merit. It is not necessary that an accident be investigated by a law enforcement officer for an injured party to recover from a mishap caused by the fault of another. A plaintiff need only prove his case by a preponderance of the evidence. If the credible evidence preponderates in favor of the plaintiff's position, as it does in this case, the trial court is justified in finding for the plaintiff. If the record reveals a reasonable factual basis for the finding of the trial court and the record reveals that the finding is not clearly wrong (manifestly erroneous), we are not permitted to reverse the factual findings of the trier of fact. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error in the trial court's findings.
*486 Therefore, for the reasons stated above, the judgment of the trial court is affirmed. The appellant is assessed with the costs in the amount of $434.18.
AFFIRMED.
NOTES
[1] The medical bill for Dr. Fleet's services, P-1 is for $233.00 instead of $223.00; however, since the plaintiff neither appealed nor answered the appeal, we can not increase the award.
[2] We withheld disposition of the instant case for several months, awaiting the decision of the Supreme Court in Jones v. The City of Baton Rouge-Parish of East Baton Rouge, No. 66480. That decision, which was handed down on September 3, 1980, is now cited as additional authority for our holding herein.