374 So.2d 694 (1979)
Patrick H. JOFFRION
v.
ALLSTATE INSURANCE COMPANY.
No. 12620.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*695 Steven M. Joffrion, Joffrion & Dugas, Donaldsonville, for plaintiff and appellee.
John R. Keogh, Keogh & Keogh, Baton Rouge, for defendant and appellee, Allstate Ins. Co.
Keith M. Borne, Allen, Gooche & Bourgeois, Lafayette, for defendants and appellants, City of Donaldsonville and Market Ins. Co.
Before: LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
This is a suit for permanent property damages resulting from an automobile collision. Defendant appeals from a judgment for plaintiff.
We amend and affirm.
Plaintiff was faced with a green light. There were also stop signs facing him which were used to determine right of way when the lights were not functioning.
Margaret Guillot, driving north, was faced with a no light because of a traffic light malfunction. Plaintiff's car was totally wrecked and he received injuries.
We agree that Margaret Guillot was not negligent. The street she was driving on has the right of way when the light is not working. She assumed that the light had been turned off and that crossing traffic would yield to her because of the stop signs. This was not negligence.
Plaintiff was faced with what to him looked like a fully functioning traffic light which had turned from red to green, giving him the right of way.
Since the harm in this case was not caused by the fault of the victim, the fault of a third person, or an irresistible force, C.C. 2317[1] is applicable. American Road Insurance v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1978). Whether the city had notice of the malfunction is immaterial. See Durbin, et al. v. City of Baton Rouge, et al., 366 So.2d 1020 (1st Cir. 1978).
Allstate by answer to the appeal has asked to be reimbursed the money paid by them to plaintiff. It is true that Allstate did early in the case ask for indemnity on an unstated theory. While Allstate did not amend their pleadings after compromising with plaintiff, nevertheless, the receipt and release was received into evidence without objection. We therefore believe that Allstate is entitled to be repaid the $3,250.00 it paid to plaintiff. Therefore the judgment is amended to give judgment to Allstate and against the City of Donaldsonville and Market Insurance Company in the amount of $3,250.00 and to Patrick Joffrion and against the City of Donaldsonville and Market Insurance Company in the amount of $1,004.50. Both amounts are to bear interest from date of judicial demand until paid. The City of Donaldsonville and Market Insurance Company are cast with all costs.
AMENDED AND AFFIRMED.
NOTES
[1] LSA-C.C. 2317:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."