SAMUEL, Judge.
Plaintiff filed this suit, individually and as administrator of the estate of his minor son, David Hunt, against City Stores, Inc. that defendant’s liability insurer, Travelers Insurance Company, Otis Elevator Company, and Otis’ insurer, Commercial Union Assurance Company, seeking to recover damages sustained as a result of an injury to David while on a descending escalator on the premises of City Stores’ Maison Blanche department store located in the Lake Forest Plaza Shopping Center in New Orleans.
The defendants answered, denying liability, and averring contributory negligence on the part of David. In addition, City Stores and its insurer filed a third party demand against Otis Elevator for indemnity or contribution and a similar demand against the boy’s mother, Mrs. Hunt.
After a trial on the merits, there was judgment in favor of plaintiff, both individually and in his representative capacity, against City Stores and Travelers. The judgment dismissed plaintiff’s demand against Otis and Commercial Union and the third party demand by City Stores and Travelers against Otis Elevator. The judgment is silent with regard to City Stores’ third party demand against Mrs. Hunt. City Stores and Travelers have appealed.
In this court appellants contend: (1) the trial court erred in granting a judgment against appellants in that there is no liability on the part of appellants; (2) alternatively, the trial court erred in failing to grant appellants’ third party demands against Otis Elevator and Mrs. Hunt; and (3) also alternatively, the trial court abused its discretion in awarding $5,000 in general damages, an excessive amount for the injuries sustained by David.
The record reveals David, then 12 years old, had gone with his mother, grandmother, and younger brother and sister to defendant’s store at the Lake Forest Plaza Shopping Center in May, 1976. He was riding an escalator down to the first floor with his mother when the front portion of his right tennis shoe was caught in the space between the moving tread and the escalator’s left side wall. David testified he was standing sideways on the escalator watching streamers which were hung by City Stores as a form of decoration. His testimony is vague with regard to the manner in which the tennis shoe became lodged in the escalator, but he said he did not play or otherwise misbehave while riding down.
David’s mother testified she was with him when the accident occurred. While she did not see his foot become caught in the escalator, she stated his right foot was caught in the space between the left side wall of the escalator and the moving tread. David’s grandmother also did not see his foot become caught in the escalator.
John Trahan, the Otis Elevator maintenance man whose territory included the escalator in question, testified he examined the escalator during the week of the accident as part of his duties under a maintenance contract between Otis Elevator and City Stores. He testified the space between the moving treads and the side wall of the escalator was [3]/i6 of an inch, which is less of an opening than that allowed by the National Safety Code for escalators.
Defendants also produced the testimony of David Steel, a designer of escalators for Otis Elevator Company. He testified it is impossible to completely close the space between the side wall and the moving tread. He also testified it is impossible for the escalator to move laterally. Another defendant witness, Roger Harris, who was qualified as an expert in escalator maintenance, agreed it was impossible for the escalator to move laterally. Harris further testified that within approximately one week after the child’s foot was injured he personally measured the clearance between the left side wall and the tread and found it was between Vie and [3]/i6 of an inch.
We conclude the result of this case is controlled by the recent decision of the Supreme Court of Louisiana in Marquez v. City Stores Co.,[1] which involved a similar *1196 injury to a 3V2 year old child on the same escalator as the one here involved but approximately three months earlier. The Marquez child was descending the escalator with his father when the tennis shoe on the child’s left foot was caught between the escalator's moving tread and the adjacent side panel. In Marquez, as here, there was a contract between City Stores and Otis Elevator under which the latter installed, maintained and serviced the Otis escalator and, also as here, there was a third party demand by City Stores against Otis Elevator.
In Marquez the Supreme Court held City Stores responsible for the injury on the strict liability theory pronounced by it in Loescher v. Parr.[2] Although this court had refused to apply Loescher v. Parr because the record did not reflect a defect in the injury-causing machine,[3] the Supreme Court stated:
“The fact that this escalator caught this child’s shoe is an unusual occurrence in itself which would not have happened had this escalator not been defective.

If this escalator were safe for small children with small feet, then James’ shoe could not have been caught in this opening.”
The Supreme Court then concluded City Stores was responsible because the escalator was in its custody, it was defective, and the “injury occurred through this defect.” It also dismissed the third party demand by City Stores against Otis Elevator and its insurer.
While we do not agree with the Supreme Court’s reasoning or conclusions in Marquez, that case is indistinguishable from the present one and we are required to follow that holding as a matter of supremacy. Accordingly, we affirm the judgment appealed from on the questions of liability on the part of City Stores and the dismissal of the third party demand against Otis Elevator.
Appellants do mention the third party demand against Mrs. Hunt in their brief, but they point to no evidence of negligence on her part, nor have they orally argued the question of that demand. Thus, it appears to us they have abandoned that demand. In any event, we find no evidence in the record which would justify a finding of negligence by Mrs. Hunt.
Finally, we address ourselves to the question of quantum. David was first seen by Dr. Walter H. Brent, an orthopedic surgeon, about the injuries in suit approximately 2V2 months after he had been hurt. The delay in seeing the doctor is satisfactorily explained by the testimony in the record. Although David complained of pain in the knees, because of a series of illnesses in the family, including surgery undergone by Mrs. Hunt, he lived with relatives for quite some time and was brought to Dr. Brent by his mother after she had recovered from her surgery and following continued complaints from David.
Dr. Brent testified David complained of pain in both knees, principally the left knee. On the basis of his orthopedic examination, the doctor concluded David had sustained a marked sprain of the left knee and a mild strain of the right. He was of the opinion the condition would respond to rest and medication. The child was fitted with a brace for the left knee, given some medication and directed to avoid all activities. The following month David’s condition was about the same. He was still wearing the knee brace, but judging from the appearance of the brace, the doctor felt the child had not discontinued strenuous activities, such as running and jumping. David was seen on two additional occasions and then discharged on November 14. However, on February 28, 1977, the following year, David returned with a reoccurrence of the knee pain which Dr. Brent concluded was caused by a too quickly resumption of strenuous activities. He was put back in the brace and ordered not to play. The same advice was given at a visit on March 27, and on June 28, 1977 the child was discharged.
*1197 We note that David was injured on May 27, 1976 and required 10 visits to the doctor over a period of approximately ten months from his first visit until his discharge on June 28, 1977. Under these circumstances, we cannot hold that a general award of $5,000 for David’s injuries constitutes an abuse of the trial court’s discretion in such matters.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
BEER, J., dissents.

. La.. 371 So.2d 810.

. La., 324 So.2d 441.

. La.App., 363 So.2d 1287, revised supra note 1.