393 So.2d 148 (1980)
Joseph STABLIER et ux
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 13236.
Court of Appeal of Louisiana, First Circuit.
November 10, 1980.
On Rehearing January 26, 1981.
Gary L. Keyser, Baton Rouge, for plaintiff-appellee, Joseph Stablier et ux.
*149 Frank J. Gremillion, Baton Rouge, for defendant-appellant, City of Baton Rouge and Parish of East Baton Rouge.
Before ELLIS, COVINGTON, LOTTINGER, CHIASSON, EDWARDS, PONDER, LEAR, COLE and WATKINS, JJ.
EDWARDS, Judge.
Plaintiffs, Joseph and Dorothy Stablier, brought suit against the City of Baton Rouge and Parish of East Baton Rouge seeking damages for injuries suffered by Mrs. Stablier when the ground in her yard suddenly collapsed beneath the lawn mower on which she was riding, throwing her off the mower and injuring her back. The collapse occurred under the grass located between the public sidewalk and street and was caused by a leak in the storm drain pipe underground which allowed dirt to be eroded and absorbed into the pipe and an underground chasm to be formed. Evidence at trial showed that the storm pipe facilities were in the possession of and under the control of the City-Parish.
The trial court found that while the hole into which Mrs. Stablier fell had not existed prior to the accident, nevertheless the City-Parish was liable since it had constructive notice of the defective drain pipe and should have conducted a continuous inspection plan.
Judgment was awarded to Mrs. Stablier in the amount of $5,000. Mr. Stablier was awarded $1,370.78 for medical expenses. Expert witness fees and interest were taxed against the defendants. From that judgment the City-Parish appeals.
The City-Parish bases its appeal on the ground that defendants had no notice of the defective storm pipe, whether actual or constructive.
Jones v. City of Baton Rouge, La., 388 So.2d 737 (1980), held that LSA-C.C. Art. 2317[1] applies to public bodies. Knowledge or notice of the existence of the defective storm pipe is, therefore, irrelevant.
The storm drain pipe was in defendants' custody. That there was a leak and that a hidden chasm formed which resulted in Mrs. Stablier's injuries is proof that the drain was defective. Marquez v. City Stores Company, 371 So.2d 810 (1979). The risk of falling into a hole while riding on presumably solid ground is clearly unreasonable. With these elements established, the City-Parish can only escape liability by showing that Mrs. Stablier's injuries were caused by her own fault, the fault of a third person, or by an irresistible force. Loescher v. Parr, 324 So.2d 441 (1975). Because none of these defenses were proved, the City-Parish was properly found liable.
Under Loescher, a plaintiff had relatively few problems in proving that the thing causing damage was in defendant's custody and that plaintiff was, in fact, harmed by the thing. Plaintiff's real difficulty came in proving that the thing causing harm was defective. Marquez appears to have removed that difficulty and to have paved the yellow brick road to judgment.
In Marquez, the Supreme Court stated:
"The fact that this escalator caught this child's shoe is an unusual occurrence in itself which would not have happened had this escalator not been defective..... If this escalator were safe for small children with small feet, then James' shoe could not have been caught in this opening."
This line of reasoning virtually equates "unusual occurrence" with the presence of a defect.
We find this logic strained, at best.[2] It is a far-reaching decision, even further tipping the scales in favor of plaintiffs and approaching absolute liability as a practical *150 matter. Nevertheless, we feel bound to follow the reasoning. At least in the present case, we are confident that the City-Parish was truly at fault, even without the tortured analysis of Marquez.
For the foregoing reasons, the trial court judgment is affirmed. All costs, both trial and appellate, are to be paid by the City of Baton Rouge and the Parish of East Baton Rouge.
AFFIRMED.
LEAR, J., dissents and assigns reasons.
LEAR, Judge, dissenting.
This court has, apparently with some reluctance, followed Loescher v. Parr, Marquez v. City Stores Company, and Jones v. City of Baton Rouge (supra). I respectfully contend that the court has erred in its interpretation of these cases.
In Loescher, plaintiff's automobile was destroyed when defendant's tree fell across it. The Louisiana Supreme Court, accepting the factual holding that the tree was internally diseased and that the owner could not reasonably realize its defective condition, held defendant liable on the basis of C.C. art. 2317 which states as follows:
"C.C. Art. 2317.
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things we have in our custody. This, however, is to be understood with the following modifications."
The court further notes:
"We have previously adopted the concept of legal fault without personal negligence of a parent for the deficient act of his child (art. 2318), of an employer for the deficient act of his employee (art. 2320), of an owner for the damage caused through the deficient act of his animal (art. 2321) and of an owner for the damage caused by the defect of his building. (art. 2322)."
It was, therefore, only a short step to say that "Article 2317 embodies the concept of the legal fault of the guardian of a thing for the damage caused by the defect of [the] thing." Thereafter came the case of Gallien v. Commercial Union Ins. Co., 353 So.2d 1127 (La.App. 3rd Cir. 1977), writ refused February 17, 1978. In Gallien, plaintiff was injured when a manhole cover over a catch basin collapsed as she stepped on it. The court held that defendant who was custodian of the allegedly defective cover, was not liable, in absence of a showing of knowledge, actual or constructive, of the alleged defective cover. In distinguishing Gallien from Loescher, the court noted that the Supreme Court made no mention of the well established rule of law of actual or constructive notice being a prerequisite of tort liability where public bodies are concerned. The court was of the opinion that had the Supreme Court intended that Loescher be applicable in suits against public bodies, overruling the line of jurisprudence requiring actual or constructive notice, it could have done so in United States Fidelity and Guaranty Co. v. State of La., Dept. of Hwys., 339 So.2d 780 (La.1976), wherein it was observed, "Our finding of negligence and liability under La.C.C. art. 2315 makes it unnecessary for us to consider the applicability of La.C.C. art. 2317 as applied in our decision in Loescher v. Parr."
In the case of The American Road Ins. Co. v. Montgomery, 354 So.2d 656 (La.App. 1st Cir. 1977), plaintiff was injured as a result of a defective traffic light. The court citing Loescher v. Parr and U.S.F. and G. Co. v. St. Dept. of Hwys., held that the doctrine of strict liability as expressed in Loescher v. Parr was applicable. Writs were refused, 356 So.2d 430 (March 1978); 356 So.2d 435 (March 27, 1978). Later, in Durbin v. City of Baton Rouge, 366 So.2d 1020 (La.App. 1st Cir. 1978), the doctrine of strict liability was applied to a governmental agency when a tree limb fell on plaintiff's car. Defendant did not apply for writs. In Hebert v. Town of Ville Platte, 373 So.2d 229 (La.App. 3rd Cir. 1979), suit was brought against the defendant for injuries sustained by plaintiff when a manhole cover became lodged in the undercarriage *151 of plaintiff's automobile. The court applied the doctrine of res ipsa loquitur, finding that the most plausible explanation for the accident was the lack of due care or the omission of some duty on the part of defendant's employees who were charged with the duty of inspecting and maintaining the manhole cover properly positioned on the frame. Therefore, the court did not consider the effect of La.C.C. art. 2317 as explained in Loescher v. Parr. In a concurring opinion one judge was of the opinion Loescher v. Parr was applicable on the basis of C.C. art. 2317. Thereafter, in Joffrion v. Allstate Ins. Co., 374 So.2d 694 (La.App. 1st Cir. 1979), involving a traffic light malfunction the court again applied strict liability.
The articles establishing delictual responsibility in Louisiana are La.C.C. arts. 2315-2322. Traditionally, our courts have restricted the use of art. 2317 by construing it to be merely an introduction to the articles which immediately follow it and which required proof of negligence. In Cartwright v. Firemen's Ins. Co. of Newark, N. J., 254 La. 330, 223 So.2d 822 (1969), involving an accident caused by defective brakes, the Supreme Court rejected the strict liability doctrine under art. 2317.
In Loescher, the court seemed to specify that before an owner-custodian of a thing can be held strictly liable the "thing" must present an unreasonable risk of injury to others. The court stated at page 446:
"When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others ..."

"Fault of the person thus liable is based upon his failure to prevent the person or thing for whom he is responsible from causing such unreasonable risk of injury to others." (Emphasis ours.)
"This jurisprudence recognizes that the injured person must prove the vice (i. e., unreasonable risk to others) in the person or thing whose act caused the damage, and that the damage resulted from this vice."
This court in the case of Greene v. Catalytic Inc., et al, 341 So.2d 1172 (La.App. 1st Cir. 1976), writ denied 344 So.2d 4 (La.1977), involving a case where plaintiff tripped over an airhose lying on the floor and was injured held that:
"... the conduct of Fletcher (defendant) cannot be said to create an unreasonable risk of harm. While some risk may be created by an airhose on a shop floor, it is not an unreasonable risk and so there is no strict liability in this instance."
However, in the case of Jones v. City of Baton Rouge, 376 So.2d 1003 (La.App. 1st Cir. 1979), at page 1005 this court followed American Road Ins. Co. v. Montgomery and rejected Gallien v. Commercial Ins. Co., applying the principles and interpretation of La.C.C. art. 2317 in Loescher. Under the facts of Jones v. City of Baton Rouge, the same result could have been reached by applying res ipsa loquitur as in Hebert v. Town of Ville Platte.
In Loescher, there was no question but that a vice or physical imperfection existed in the tree causing the injury which may lead us to require proof of a vice as well as proof that the defective thing created an unreasonable risk to others.
In strict liability, the plaintiff need not prove that the defendant acted unreasonably, but that the defendant failed to prevent an unreasonable risk of injury. In negligence, plaintiff must prove that the defendant acted unreasonably in not preventing the risk which caused the injury. Therefore, it would seem that in order to adopt strict liability we are not to be concerned with the acts of the defendant, but rather with the risk created by the thing causing the injury.
Loescher seems to require a determination that the risk created by the thing is unreasonable.
Inasmuch as a municipality is required to maintain a street and drainage system, it might be argued that the possibility of a cave-in caused by underground water or other natural causes does not create an unreasonable risk.
However, writs were granted by the Supreme Court in Jones v. City of Baton *152 Rouge cited above and on September 3, 1980 (Sup.Ct. Docket No. 66,480) that court handed down its opinion which answers certain issues raised in the instant case.
One such issue is whether municipalities (or other public bodies) may be held liable for damages under C.C. art. 2317 caused by things in their custody. The court found that Article 12 § 10 of the 1974 State Constitution provides that "[n]either the state, a state agency nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property." In view of this article the same tort law is applicable to all defendants. Another issue concerns requirement of knowledge by the defendant of a vice or defect in the thing in defendant's custody. Generally, we may assume that a person cannot be guilty of negligence for failure to correct a defective situation if he has no knowledge of the defect. However, as stated by the court, "Where delictual responsibility is based not on negligence but on legal fault, under article 2317, a public body's knowledge of the existence of the danger is irrelevant."
Therefore, the question seems to be settled that Louisiana has adopted strict liability under C.C. art. 2317 and that it applies to governmental agencies.
The court also said that:
"Because the responsibility for preventing the unreasonable risk of injury to others is unconditional, the injured party seeking damages under article 2317 need not prove that any particular act or omission on the part of the defendant caused his injuries. He must only prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defectthat is, that it occasioned an unreasonable risk of injury to anotherand that his injury was caused by the defect."
Once such proof is presented, the custodian can escape liability only by showing that the injury was caused by the fault of the victim, by the fault of a third person or by an irresistable force. The last mentioned defense, irresistable force, was described by Justice Tate in Loescher as "... an event which happens from an irresistable cause or force not foreseeable, usually in vis major or act occasioned exclusively by the violence of nature without the contribution by legal fault of any human."
It should be noted that in Jones the court stated, "It is obvious that the [manhole] cover was defective, in the sense that the risk of falling four or five feet into a catchbasin as a result of stepping upon a presumably solid, firm metal surface is unreasonable." Therefore, in Jones the defendant knew of the catch-basin and had a duty to properly protect others from a potentially dangerous situation.
In the very recent case of Hunt v. City Stores, Inc., 375 So.2d 1194, (La.App. 4th Cir., 1979), writ granted 378 So.2d 433 (1979), amended and affirmed La., 387 So.2d 585 (1980) involving a twelve year old boy who was injured when his tennis shoe was caught in the space between the moving tread and the side panel of an escalator, the Supreme Court discussed this issue citing Loescher. Justice Watson, as organ for the court, stated:
"Although unreasonableness is a traditional standard for the determination of negligence, it is also fundamental to a finding of strict liability under LSA-C.C. art. 2317. In both negligence and strict liability cases, the probability and magnitude of the risk are to be balanced against the utility of the thing. The distinction between the two theories of recovery lies in the fact that the inability of a defendant to know or prevent the risk is not a defense in a strict liability case but precludes a finding of negligence." (Emphasis added.)
The court compared strict liability to products liability, stating:
"Again, a balancing test is mandated: if the likelihood and gravity of harm outweigh the benefits and utility of the manufactured product, the product is unreasonably dangerous. If the product is unreasonably dangerous to normal use, the manufacturer is ultimately responsible to one injured in the course of that use." (Emphasis ours.)
*153 The court held that the escalator presented an unreasonable risk of harm in normal use.
In the instant case, neither the probability nor magnitude of the risk outweighs the utility of the drainage system. We are not here concerned with knowledge of the vice or defect, but with the likelihood or probability of such an injury occurring and the magnitude of such risk. The City of Baton Rouge is required to maintain a drainage system in the city and should not be liable under art. 2317 unless it is shown that an unreasonable risk has been created which injures another. The record does not disclose evidence of unreasonableness.
I respectfully dissent.
EDWARDS, Judge.

ON REHEARING
In our original opinion, we failed to consider whether plaintiffs were adequately compensated for their losses.
The trial court disallowed compensation for sums paid to Miss Starns, Connie Faber and Miss Downing on the ground that "Mrs. Stablier was not salaried, therefore, there was no loss of wages." Sums paid for the maid services of Ruby Hilliard were disallowed because the trial court did "not find that these services were necessary."
Folse v. Fakouri, 371 So.2d 1120 (1979), held that damages should be based on an injured person's ability to earn money, rather than on what he actually earned before the injury.
Mrs. Stablier, though unsalaried, worked with her husband until she was injured, at which point paid employees were hired to replace her. Under Folse, this loss of earning capacity is clearly compensable.
Similarly, maid services were required because of plaintiff's injuries and they are likewise compensable.
The uncontroverted evidence shows that plaintiffs incurred salary expenses of $6,199.02 and maid service expenses of $480.00. We find the award of general damages, claimed by plaintiffs to be too low, to have been reasonable.
For the foregoing reasons, it is hereby adjudged, ordered and decreed that the damages awarded are increased by $6,679.02. In all other respects, our original opinion is reaffirmed.
AFFIRMED AS AMENDED.
NOTES
[1] LSA-C.C. Art. 2317 provides:

"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
[2] So apparently do Justice Blanche and Justice ad hoc delaHoussaye. See their dissent in Hunt v. City Stores, Inc., La., 387 So.2d 585 (1980).