HALL, Chief Judge.
This suit arises from an automobile accident in which the plaintiffs vehicle struck a manhole cover which gave way resulting in damages to the automobile and injuries to the plaintiff. The trial court found the state through the Department of Transportation and Development (DOTD) to be negligent for failing to properly construct the manhole cover and for failing to inspect and warn the public of the danger. From a judgment in favor of the plaintiff, in the amount of $20,343.30, the state appealed arguing: (1) the trial court relied on information not introduced as evidence in finding the DOTD was negligent; (2) the plaintiff failed to prove the elements of strict liability, particularly that the State was the owner or custodian of the manhole cover or that the cover was defective; and (3) the damages are excessive. Plaintiff answered the appeal and requests an increase in damages. For the reasons that follow, we affirm.
FACTS
On November 2,1986, at about 2:00 p.m., plaintiff was travelling north on Hearne Avenue (State Highway No. 171) near its intersection with Randolph Street in Shreveport when her left front wheel struck a manhole cover which gave way. After striking the manhole her vehicle careened out of control approximately 260 feet across the highway. The manhole cover travelled approximately 140 feet before coming to rest. Plaintiff received several cuts requiring sutures, numerous bruises, and an injury to her lower back.
This section of Hearne Avenue was under construction by the DOTD. Winford Company, Inc. was the general contractor and Alpha Construction Company was a subcontractor. The project required the patching of the existing surface and a two inch asphalt overlay over the entire roadway. To accommodate the two inch overlay, the plans dictated that all catch basins, water valves and manhole covers be raised so that traffic could travel smoothly over them. On this project Alpha raised the manhole covers by welding a cast iron ring, called a riser ring, on the top of the existing manhole cover seat, raising their level two to three inches. Asphalt was placed around the raised manhole prior to the actual two inch overlay to provide a smooth transition over the manhole.
The state offered several witnesses who testified that the manhole which the plaintiff hit had not been raised at the time of the accident. However, the plaintiff introduced photographs of the manhole taken on the day of the accident which show a broken riser ring, spots on the ring seat where it had been spot welded, and asphalt around the manhole. Other photos show a city of Shreveport employee replacing the manhole cover and the policeman present *972 at the scene of the accident. No barricades or warning signs were in place to prevent traffic from travelling in this lane. We find, as did the trial court, that this manhole was in fact raised prior to the accident.
NEGLIGENCE-RELIANCE ON OUTSIDE INFORMATION
The state argues the trial court relied on evidence not introduced at trial when it determined the riser ring should have been welded all the way around rather than spot or “tack” welded. The trial court concluded this constituted negligence. The evidence in the record reveals the riser ring was in fact spot welded. However, there is nothing in the record to indicate how a riser ring should be welded or any standards whatsoever for the installation of riser rings. The trial court apparently relied upon information which is not contained in this record. Without the necessary evidence showing the proper methods for raising manhole covers, we cannot say the state or its contractor was negligent in the manner this riser ring was welded.
STRICT LIABILITY
Negligence is only one of the footings on which the codal structure of tort liability rests. Delictual responsibility can be based upon legal fault under LSA-C.C. Art. 2317 which states: “We aife responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody ...” The principle of legal fault was summarized in Loescher v. Parr, 324 So.2d 441 (La.1975), as follows: “When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles [LSA-C.C. Art. 2318, 2320, 2321, and 2322] for the supervision, care, or guardianship of the person or thing may be held liable from the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from his legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others.” 324 So.2d at 446.
The Louisiana Supreme Court held in Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980), that the unequivocal constitutional rejection of sovereign immunity found in Article 12, § 10 of the 1974 Constitution requires the application of strict liability to the state and all political subdivisions. In Jones, the plaintiff stepped on the cover of a catch-basin which gave way beneath her. The Supreme Court found the cover was defective because the risk of falling four or five feet into a catch-basin as a result of stepping upon a presumably solid, firm metal surface is unreasonable. After finding the cover was in the care or custody of the defendants and the defect was the cause of plaintiff’s injuries, the Supreme Court determined the defendants were strictly liable.
In the instant case, considering the recent construction raising the level of the manhole, and the failure of the manhole during its intended usage, we find the condition of the manhole presented an unreasonable risk of harm rendering the road unsafe for ordinary travel.
The state argues that the plaintiff did not prove there was a defect in the manhole or its cover. The state also argues the problem with the manhole could have been caused by someone else, citing Goodlow v. City of Alexandria, 407 So.2d 1305 (La.App. 3d Cir.1981).
While it is true the evidence does not show why the riser ring broke, it is clear from the photographic evidence that the ring did in fact break into two or three pieces after the plaintiff drove her vehicle over the manhole and that the manhole cover came off. Plaintiff was not in any way negligent. She was travelling between 35 and 45 m.p.h. when she struck the manhole which was positioned in the tire path of vehicles travelling in the outside or curb side northbound lane. The only reasonable inference is that the manhole, and therefore the road, was defective. The circumstances of this case create a strong probability that the condition of the man *973 hole was due to the recent construction activity.
This case is distinguishable from Goodlow v. City of Alexandria, supra, because in Goodlow there was no evidence how or why the cover of the manhole came off prior to the accident and no evidence of a defect in the manhole or its cover. In the instant case the evidence shows a broken riser ring which had only recently been installed while this area was under construction. After the accident, another manhole cover had to be placed down into the old manhole seat until a new riser ring could be welded in place of the broken one. A disinterested witness testified that he noticed the manhole cover was loose, affecting cars that ran over it, several days before the accident and that it appeared unseated minutes before the accident. The evidence indicates the manhole cover was loose and not properly seated due to the construction activity and was defective.
The state argues it was not the owner nor the custodian of the manhole cover. It is not disputed that Hearne Avenue is part of the state highway system of which the state certainly has ownership and custody. The state was performing construction work on this part of the highway, including work on the manhole. The defective condition of the manhole rendered the road unsafe for ordinary travel and was the cause of the accident and the resulting injuries to plaintiff. As custodian of the defective road the state is strictly liable under LSA-C.C. Art. 2317.
NEGLIGENCE-ADDITIONAL
GROUNDS
Although the record may not support the finding of negligence on behalf of the state for the installation of the manhole cover, the trial court correctly found the the DOTD was negligent in failing to observe the defective condition of the manhole and the road and in failing to warn traffic with the proper signs and barricades. We find the trial court properly rendered judgment in favor of the plaintiff and against the State through the Department of Transportation and Development for the injuries plaintiff received in this accident.
DAMAGES
As a result of the accident plaintiff sustained multiple facial lacerations in addition to contusions and bruises on her chest and arms. She also complained of low back pain for several months. The lacerations on her face required some suturing and plaintiff remained in the hospital for four days following the accident.
Plaintiff was approximately 90 years old at the time of the accident and was described by her doctor as stoic, capable, and alert, showing no evidence of senility. Upon her release from the hospital she was given Darvocet, a pain medication. On November 23, 1986, plaintiff was admitted to the hospital for constipation and then released on November 28, 1986. Dr. John Leopard testified that constipation was a possible side-effect of Darvocet, but that it would not be unusual for a woman the plaintiffs age to experience constipation even without the influence of Darvocet. It was his opinion, however, that the Darvo-cet was the cause of her constipation based upon the proximity in time of her taking the medicine and the constipation, and based upon the fact that he had never before treated her for problems associated with constipation. Dr. Leopard testified that the last time he saw the plaintiff was on February 20, 1987 when she indicated her back was sore. She has apparently sustained no permanent injuries as a result of the accident.
Plaintiff was awarded a total of $20,-343.30 in damages including $12,343.30 in special damages and $8,000 in general damages. The state contends these damages are excessive and the plaintiff maintains they are insufficient. We find the award of damages to be reasonable and find no abuse of discretion in the amount awarded.
For the foregoing reasons, the trial court judgment is affirmed at appellant’s costs.
AFFIRMED.