758 So.2d 275 (2000)
Ray L. PRUDHOMME
v.
CITY OF IOWA and Risk Management, Inc.
No. 99-1386.
Court of Appeal of Louisiana, Third Circuit.
February 9, 2000.
*276 James L. Babin, Lake Charles, LA, Counsel for PlaintiffAppellee.
Paul Holmes, Louisiana Municipal Association, Baton Rouge, LA, Counsel for Defendant City of Iowa, Appellant.
(Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD, and ELIZABETH A. PICKETT, Judges).
SAUNDERS, Judge.
This matter arises from an accident wherein Ray Prudhomme fell into an open water valve hole and injured his knee. The trial court found Prudhomme forty percent at fault and the City of Iowa sixty-percent at fault, awarding damages to Prudhomme.
*277 We reverse the trial court's judgment and find that the City of Iowa was not liable for Prudhomme's injuries.

FACTS
On October 10, 1995, Ray Prudhomme (Plaintiff), while walking down Third Street in Iowa, Louisiana, stepped into an open water valve hole and injured his right knee. The three to five pound cast iron cover was removed from the water valve hole. Virgie Miller, a bystander, also observed the open hole and testified that the cover was in the middle of Third Street.
Following the fall, Plaintiff found an Iowa police officer and pointed out the uncovered hole. After being notified of the incident, Iowa's Superintendent, Sidney Leger, went to the scene. At this time, the officer returned the cover to the hole and illustrated how the cover fit flush with the street.
On the day of the incident, Plaintiff went to St. Patrick's Hospital to seek medical attention for the injuries he suffered. Plaintiff complained of pain in his right knee and back. Plaintiff's right knee began to swell. The emergency room physician prescribed pain medication and referred Plaintiff to Dr. Ayers, an orthopedic physician in Lake Charles. Dr. Ayers treated Plaintiff and concluded that he suffered from a possible medial meniscus tear in his right knee and a mild lumbar strain. For two months, Plaintiff underwent conservative treatment, which included pain medication and physical therapy, for his injuries. However, Plaintiff was incarcerated and unable to complete his treatments.
On September 4, 1996, Plaintiff sued the City of Iowa (Defendant). Trial on the merits commenced on April 22, 1999. During his testimony, Leger described the hole and the cover. During his four years as Iowa's Superintendent, there were only two reported incidents, including this one, of which the covers were removed. He noted that the covers fit flush with the street and each drops six inches from the roadway. Leger's testimony illustrated that the covers are not easily removed. He stated that "most of the time you can get your fingers into it enough to be able to raise it, but if it's been on the street a pretty good while where traffic's [sic] run over it and been well packed up dirt around it and that, so it usually takes two screwdrivers to stick into the main holes... because the dirt that holds it makes them seal a little tighter."
Upon conclusion of the trial, the trial court held Plaintiff forty percent at fault and Defendant sixty-percent at fault. We reverse the trial court and hold that Defendant is not liable under theories of either strict liability or negligence.

LAW AND ANALYSIS

Applying Strict Liability Standards
Defendant's first assignment of error is that the trial court erred in applying strict liability standards to the case and/or finding that Plaintiff proved Defendant was strictly liable for his injury. In Jacobs v. City of Bunkie, 98-2510 (La.5/18/99); 737 So.2d 14, the supreme court declared La. R.S. 9:2800 unconstitutional prior to 1995 and inapplicable to cases arising prior to the 1995 amendment. Thus, it appears that La.Civ.Code art. 2317 is applicable to the instant case. La.Civ.Code art. 2317, at the time of this incident, in pertinent part stated: "[w]e are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of things which we have in our custody."
To establish strict liability under La.Civ.Code art. 2317, Plaintiff has the burden of proving that the property which caused damage was in the custody of Defendant, that such property was defective, and that the defective thing caused Plaintiffs damages. Jones v. City of Baton Rouge-East Baton Rouge Parish, 388 So.2d 737 (La.1980); Loescher v. Parr, 324 So.2d 441 (La.1976). Defendant can avoid *278 liability only by showing that the harm was caused by the fault of the victim, a third person, or by an irresistible force. Tischler v. City of Alexandria, 471 So.2d 1099 (La.App. 3 Cir.1985).
In the instant case, it is undisputed that Defendant had custody of the water valve hole and cover. The critical issue is whether the hole or cover was defective. The trial court, in its reasons, stated that "[w]ell the lid cover is undisputedthe lid cover was off and therefore the City is responsible." Essentially, the trial court held that since the lid was off, it was defective, and Defendant is strictly liable. The trial court erred in making this conclusion.
This court, in Goodlow v. City of Alexandria, 407 So.2d 1305 (La.App. 3 Cir. 1981), stated that the fact of the accident does not establish a presumption of defect. Goodlow held that the manhole and cover were not defective. In making this determination, this court noted that neither the manhole nor its cover exhibited any imperfections, the cover fit snugly into the hole, and that the cover could not be removed easily.
In the instant case, there is no proof that the water valve hole or its cover exhibited any imperfections. Leger testified that during his four years as superintendent, there had only been two reported incidents of covers being removed. Photographs introduced into evidence show that, after the accident, Defendant replaced the water valve cover and that the cover fit flush with the street. Although the cover only weighs three pounds, it is difficult to remove and cannot be removed by passing vehicles. Applying the Goodlow factors to the instant case, we find that neither the water valve hole nor its cover were defective as to give rise to strict liability. Hence, Defendant is not liable for Plaintiffs injuries under the theory of strict liability.

Burden of Proof: Strict Liability or Negligence
Defendant's second assignment of error is that the Plaintiff failed to prove that the Town of Iowa is legally liable for his injuries under a strict liability or negligence standard. As noted above, Plaintiff failed to show Defendant's liability under the theory of strict liability. Thus, we will only discuss Plaintiffs proof of negligence.
Defendant asserts that Plaintiff failed to show that Defendant had constructive notice, thus, negating negligence. Whether Defendant had constructive notice is a factual finding. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). A court of appeal may not set aside a trial court's or a jury's factual findings in the absence of manifest error or unless it is clearly wrong. Id. The appellate court must find, from the record, that a reasonable factual basis does not exist for the finding of the trial court and must further determine that the record establishes that the finding is clearly wrong. Id.
Defendant has a duty to maintain its roadway in a condition which is reasonably safe for persons exercising ordinary care and reasonable prudence. Newsom v. State Through DOTD, 93-815 (La.App. 3 Cir. 3/30/94); 640 So.2d 374, writ denied, 94-1118 (La.6/24/94); 641 So.2d 207. A breach of duty occurs when Defendant failed to exercise reasonable care under the circumstances.
In Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975), the supreme court set forth factors to determine whether a municipality acted reasonably under the circumstances. The court stated that "[i]n addition to the requirement that the condition which caused the injury must have been dangerous or calculated to cause injury, the cases have recognized generally that the parish or municipality must have had actual notice of the condition or that its existence continued over a period and, under such circumstances, in the exercise of due diligence, the parish or municipality would have had notice." Id. at 433 (emphasis added.)
*279 An open water valve hole creates an unreasonable risk of injury. See Goodlow, 407 So.2d 1305. However, Plaintiff failed to prove that Defendant knew or should have known that the water valve hole was open. Plaintiff presented no evidence that the water valve was uncovered for an extended period which tends to show that Defendant had constructive notice. See Swain v. Sewerage & Water Bd. of New Orleans, 413 So.2d 233 (La.App. 4 Cir.1982). Additionally, Plaintiff failed to show that the cover was removed by Defendant's employees. Jones, 388 So.2d 737. Once Defendant obtained notice of the open hole, Leger, who acted reasonably and immediately, replaced the cover.
Our review of the record convinces us that Defendant acted reasonably under the circumstances and is not liable for Plaintiff's injuries under the theory of negligence.

DECREE
For the forgoing reasons, we reverse the trial court's judgment and find that Defendant is not liable to Plaintiff under either the theory of strict liability or negligence.
Costs at the trial court level and on appeal are assessed to the Plaintiff, Ray L. Prudhomme.
REVERSED AND RENDERED.