# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 08-1197


## WILLIE MAE AMBROSE

## VERSUS

## CITY OF NEW IBERIA

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 99,514
HONORABLE WILLIAM D. HUNTER, PRESIDING
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, J. David Painter, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

S. Marie Johnson
P.O. Box 14103
New Iberia, LA 70562
(337) 560-5088
COUNSEL FOR PLAINTIFF/APPELLANT:
    Willie Mae Ambrose

Karen Day White
Louisiana Municipal Association
700 North Tenth Street
Baton Rouge, LA 70802
(225) 332-7631
COUNSEL FOR DEFENDANT-APPELLEE:
    City of New Iberia

**COOKS, Judge.**

Plaintiff, Willie Mae Ambrose, appeals the trial court's judgment dismissing with prejudice her suit against the City of New Iberia for damages suffered as the result of a fall.

## FACTS AND PROCEDURAL HISTORY

On December 4, 2001, Plaintiff alleged she tripped when her shoe became lodged in a broken portion of street curbing along Louisiana Highway 675, also known as Hopkins Street, in New Iberia, Louisiana. Plaintiff sought medical attention that same day at a local hospital, discovering she sustained a Grade II femoral neck fracture of the left hip. She underwent surgery to repair the fracture on December 5, 2001. Plaintiff alleged, six years after the accident, she still suffers from a noticeable limp and experiences weakness in the injured area.

On November 27, 2002, Plaintiff filed a Petition for Damages against the City of New Iberia, through the Department of Public Works (the City). The petition was amended to include the State of Louisiana, through the Department of Transportation and Development (DOTD). Eventually, Plaintiff and DOTD filed a joint motion, which was granted, dismissing DOTD from the lawsuit.

Plaintiff's suit against the City proceeded to a bench trial. The trial court found Plaintiff failed to meet her burden of proof under La.R.S. 9:2800 and dismissed her suit with prejudice. Specifically, the trial court found Plaintiff failed to establish the City had actual or constructive knowledge of the defect in question. Plaintiff moved for a devolutive appeal of that judgment, which was granted by the trial court.

## ANALYSIS

We recognize that La. R.S. 9:2800 requires actual or constructive notice of the defect as a prerequisite to claims against public entities such as the City for damages

caused by the condition of things within its care and custody. La.R.S. 9:2800 provides in pertinent part:

> A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.

> B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.

As such, the plaintiff must prove (1) the defendant owned or had custody of the thing that caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; (3) the defendant had actual or constructive knowledge of the defect or unreasonable risk of harm and failed to take corrective action within a reasonable time; and (4) causation. *Wilson v. City of New Orleans*, 95-2129 (La.App. 4 Cir. 4/3/97), 693 So.2d 344, *writ denied*, 97-1701 (La. 10/13/97), 703 So.2d 613. A municipal authority is deemed to have constructive notice if the defect existed for such a period of time that by exercise of ordinary care and diligence, the municipal authority must have known of its existence, and the municipal authority had a reasonable opportunity to guard the public from injury by remedy of the defect. *Dawson v. City of Bogalusa*, 95-0824 (La.App. 1 Cir. 12/15/95), 669 So.2d 451.

An appellate court may not overturn a jury's finding of fact "in the absence of 'manifest error' or unless it is 'clearly wrong.'" *Stobart v. State, Department of Transportation and Development*, 617 So.2d 880, 882 (La.1993). Even if the court of appeal believes that its own findings are more reasonable, the finder of fact's "reasonable evaluations of credibility and reasonable inferences of fact should not be

disturbed upon review where conflict exists in the testimony." *Id*. "Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong." *Stobart*, 617 So.2d at 883.

The record establishes Hopkins Street and its curbing are owned and maintained by DOTD. That right of way extends beyond the curbing to the back of the sidewalk, and DOTD's engineering directives impose a duty on it to maintain and repair the sidewalks adjacent to Hopkins Street. The City had an agreement with DOTD to perform grass cutting and litter abatement along the sidewalks of Hopkins Street. There was no agreement for the City to maintain or repair the roadway, curbing or sidewalks. Mark Delcambre, the City's Assistant Public Works Director, testified the City would occasionally undertake minor repair work on the sidewalks and the neutral ground if there were complaints. Michael Moss, a civil engineer for DOTD, noted DOTD's directives technically require it to maintain the sidewalks within its right of way. Despite this directive, Moss stated DOTD has historically shirked its duty in performing repairs on sidewalks, which are usually undertaken by the local authorities. Moss stated that "[i]t's understood by every local governing body that they are responsible for maintenance of sidewalks within state right-of-way." Moss noted the curbing such as that which allegedly caused the injury is considered part of the roadway, and DOTD would be responsible for its maintenance.

However, Plaintiff argues the jurisprudence reveals the owner of a thing is not always its custodian. Liability is imposed based on custody or garde, not just ownership. Under La.C.C. art. 2317, strict liability is based on the relationship between the parties with custody and the thing posing an unreasonable risk of harm to others. The article imposing liability is based on custody and not ownership. Custody, distinct from ownership, refers to a person's supervision and control (garde)

-3-

over a thing posing an unreasonable risk of harm. *Thumfart v. Lombard*, 613 So.2d 286, 290 (La.App. 4 Cir.), *writ denied*, 617 So.2d 1182 (La.1993). Garde is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others. The fault of the person thus liable is based upon failure to prevent the thing from causing unreasonable injury to others. *Loescher v. Parr*, 324 So.2d 441 (La.1975).

Plaintiff points out the record establishes the City performed repairs to curbing on Hopkins Street in the past. Thus, she argues the City exercised custody over the thing which presented the unreasonable risk of harm in this case. It is unnecessary to reach this issue because, like the trial court, we find Plaintiff's claim must fail because the record convincingly establishes that the City lacked actual or constructive notice of the alleged defect.

La.R.S. 9:2800(D) provides: "Constructive notice shall mean the existence of facts which infer actual knowledge." Constructive notice may be shown by facts demonstrating that the defective condition existed for such a period of time that the public body would have discovered and repaired it had the public body exercised reasonable care. *Laird v. City of Oakdale*, 04-767 (La.App. 3 Cir. 11/10/04), 886 So.2d 1262. A public body cannot be charged with knowledge of every defect on its roadways and shoulders, yet, neither can it escape liability by negligently failing to discover that which is easily discoverable. *Brown v. Louisiana Indem. Co.*, 97-1344 (La. 3/4/98), 707 So.2d 1240. The cases have interpreted constructive knowledge as meaning the municipal authority "must have had actual notice of the condition or that its existence continued over a period and, under such circumstances, in the exercise of due diligence, the parish or municipality would have had notice." *Prudhomme v. Iowa*, 99-1386, p. 5 (La.App. 3 Cir. 2/9/00), 758 So.2d 275, 278, *citing Pickens v.*

-4-

*St. Tammany Parish Police Jury*, 323 So.2d 430 (La.1975). The question of whether or not the public body had actual or constructive notice of a hazardous condition creating a risk for motorists is a factual issue and is reviewed under the manifest error standard. *Murphree v. Daigle*, 02-1935, p. 3 (La.App. 1 Cir. 9/26/03), 857 So.2d 535, *writ denied*, 03-2927 (La.1/9/04), 862 So.2d 990.

Plaintiff contends the trial court erred in failing to find she established the City had constructive knowledge of the defect in the curbing. Plaintiff argues the record, and in particular the work orders, established "the City, on numerous occasions, performed various forms of maintenance on [Hopkins Street] – from fixing sidewalks, filling potholes, to replacing worn down limestone on the neutral ground." Plaintiff also points out that the City received approximately forty complaints of this nature on Hopkins Street in a six-year period. Because of this, Plaintiff maintains this shows the walkway/curbing in that area were in "a constant state of disrepair." Plaintiff testified that a significant portion of the walkways/curbing in the area around her home were in poor condition.

The trial court found there were no work orders in the time period near the accident date which indicated any disrepair of the curbing or concrete. The trial court gave the following oral reasons for finding Plaintiff failed to prove constructive knowledge on the part of the City:

> The plaintiff must prove that the city had actual constructive knowledge of the defect in the sidewalk and it failed to take corrective action within a reasonable period of time.

> I think the plaintiff relied heavily on the work orders, but there is no report, nor did Mr. Delcambre testify about reports warning of the particular defects, which the plaintiff claims caused her injury.

> The only report near the time of the accident that occurred on October 22, 2001, which was an order to cut the grass.

> There was also an order completed on July 25, 2001 which the

City of New Iberia filled pot holes at Hopkins and Main Street.

> Since there are no reports of a broken sidewalk, or a broken curb of this nature to the City of New Iberia, the plaintiff has not proven that defendant had actual knowledge of the defect. [Plaintiff] had the opportunity to prove constructive knowledge, but I find that the plaintiff failed to do so.

After a thorough review, we find the record supports the trial court's finding. Although the work orders showed repairs and complaints were made in the general area of the accident, there were none made in the months preceding the accident, other than the work order to cut the grass referenced by the trial court. Mark Delcambre, the Assistant Public Works Director for the City, testified there were no complaints or prior falls regarding the area where Plaintiff fell. Michael Moss, DOTD's engineer, testified DOTD physically inspects Hopkins Street and its curbing every two weeks and there was no notation of a problem or defect in the curbing where Plaintiff fell. Mr. Moss also testified there were no complaints or notifications made to DOTD about any falls in that area prior to Plaintiff's accident. Further, Plaintiff testified, although she frequently walked the path she took on the day of the fall and was aware the sidewalk in that area was "all messed up," she had never noticed the area of curbing at issue in this case.

Therefore, we cannot say there is no reasonable factual basis in the record for the trial court's finding that the City did not have actual or constructive notice of the condition of the curbing in question. The absence of evidence establishing notice is fatal to a plaintiff's cause of action under La.R.S. 9:2800. *Hebert v. Southwest Louisiana Electrical Corp.*, 95-405 (La.App. 3 Cir. 12/27/95), 667 So.2d 1148.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Willie Mae Ambrose.

**AFFIRMED.**